ANNA MARKS, Respondent, v. THOMAS E. TAYLOR
        and EMMA L. TAYLOR, Appellants.

PROCEDURE—EXAMINATION OF WITNESS—CONCLUSION—HARMLESS ER-
    ROR—ACTION TO REFORM—MISTAKE—EVIDENCE—RES GESTAE—EVI-
    DENCE—OF MISTAKE — MATERIALITY —EQUITY    PLEADING—COM-
    PLAINT—SUFFICIENCY—COURT OF EQUITY—POWER TO REFORM—ON
    GROUND OF MISTAKE—FULL RELIEF GRANTED—ASSIGNMENT OF ER-
    ROR—LACK OF PARTICULARITY—UNDER SEC. 3284, R. S. 1898—NOT
    CONSIDERED—ACTION TO REFORM—PLEADING—NO DISCLAIMER IN
    ANSWER—PROOF—SUFFICIENCY OF.

1. PROCEDURE: EXAMINATION OF WITNESS: CONCLUSION: HARMLESS ER-
    ROR.    If in reply to a question which might be answered by a conclu-
    sion of the witness, the witness states the facts instead of his con-
    clusion, the other party is not injured and no error committed.

2. ACTION TO REFORM: MISTAKE: EVIDENCE: RES GESTAE.    In an action
    to reform a mortgage and sheriff's deed, when it appears from the ev-
    idence that one F conducted the negotiations, procured the loan and
    drew the note and mortgage for the defendants, although not directly
    authorized to do so by them, when they accepted the loan and exe-
    cuted the note and mortgage, they ratified the acts of F, and were
    bound thereby as effectually as if they had in express terms author-
    ized him to act as their agent, and whatever occurred between F and
    the plaintiff in the negotiations which resulted in the loan and the
    execution of the note and mortgage was a part of the *res gestae* and
    therefore admissible in evidence.

Marks v. Taylor.

3. EVIDENCE: OF MISTAKE: MATERIALITY. Evidence that the person drawing a mortgage intended to include land other than that actually included, is, in an action to reform the mortgage on the ground of mistake, material and strong evidence of the alleged mistake.

4. EQUITY PLEADING: COMPLAINT: SUFFICIENCY. A complaint in equity which sets forth the negotiations for a loan from plaintiff to defendants, the consummation thereof and alleges that by mistake the property promised as security was not all included in the mortgage, sufficiently states the cause of action for reformation.

5. COURT OF EQUITY: POWER TO REFORM: ON GROUND OF MISTAKE: FULL RELIEF GRANTED. In an action to reform a written instrument on the ground of mistake, a court of equity will not only reform the instrument in which the mistake occurred but all subsequent instruments which have perpetuated such mistake, so as to administer a full measure of relief, avoid circuity of action and promote justice.

6. ASSIGNMENTS OF ERROR: LACK OF PARTICULARITY: UNDER SECTION 3284, REVISED STATUTES 1898: NOT CONSIDERED. Assignments of error upon the ground of insufficiency of the evidence without stating the particulars in which the evidence is insufficient, as required by section 3284, Revised Statutes 1898, can not be considered.

7. ACTION TO REFORM: PLEADING: NO DISCLAIMER IN ANSWER: PROOF: SUFFICIENCY OF. Where in an action to reform, the defendant in his answer, does not disclaim title to any portion of the premises described in the complaint, and when sworn, as a witness admits purchasing it, the proof that defendant owned the land sought to be included in the reformed deed, is sufficient.

Decided January 12, 1901.   Rehearing granted February 16, 1901.   Modified opinion filed May 12, 1901.   See p. —, this volume.

Appeal from the Third District Court, Salt Lake County.— *Hon. Ogden Hiles,* Judge.

Action to reform a mortgage and a sheriff's deed upon the sale of mortgaged premises.   From a judgment for plaintiff, defendants appealed.

AFFIRMED.

*C. S. Patterson, Esq.* and *D. Harrington, Esq.,* for appellant.

The power conferred upon an agent is based upon the special confidence or trust which the principal has in the agent's personal ability or integrity, and such power can not be redelegated by the agent so as to bind the principal. 1 Am. and Eng. Ency., p. 272 and numerous cases there cited; Shankland v. Washington, 5 Pet. 390; McCarty v. Fremont, 23 Cal. 197.

Knowledge of all material facts and circumstances is an essential element to an effective ratification; without such knowledge the adopting of the acts of an unauthorized agent, or one who has exceeded his authority, will not bind the principal but on the contrary, if he has given his assent while in ignorance of the facts of the case, he may, on being informed, disavow the unauthorized transaction. 1 Am. and Eng. Ency. (New Ed.) 1189, and numerous cases there cited; Dean v. Bassett, 57 Cal. 640; Field v. Small, 17 Colo. 386; Kerr v. Sharp, 83 Ill. 199.

Even the acceptance of profits and the use of goods will not amount to a ratification of the agent's acts if done in ignorance of the circumstances connected with such acts. Bell v. Cunningham, 3 Pet. 69; Wheeler v. Northwestern Sleigh Co., 39 Fed. 349; Manning v. Gasharie, 27 Ind. 399; Roberts v. Rumley, 58 Iowa, 301; Manning v. Leland, 153 Mass. 510; Aetna Ins. Co. v. Iron Co., 21 Wis. 464.

The burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there a failure to overcome this presumption by testimony entirely plain, and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of

the parties. Life Ins. Co. v. Nelson, 103 U. S. 549; Graves v. Ins. Co., 6 U. S. 2 Cranch. 419; Lyman v. Ins. Co., 2 Johns, Ch. 630.

Chancery forbids relief where the evidence is loose, equivocal or contradictory, or is in its texture open to doubt or to opposing presumption. Hoover v. Reilley, 2 Abb. U. S. 475; Lyman v. Ins. Co., 2 Johns. Ch. 630.

It must be a case that leaves no reasonable doubt in the mind of the court. Stiles v. Willis, 66 Md. 552; Pennell v. Wilson, 2 Robt. (N. Y. Sup.) 509; Watkins v. Stockett, 6 Har. & J. (Md.) 435; Blassingame v. Davis, 63 Tex. 595.

Where a contract is sought to be avoided on the ground of surprise or mistake, the fact of such surprise must be either conceded, or so clearly established as to be substantially without dispute. Veazie v. Williams, 49 U. S. S. How. 157; McDonnell v. Mulholland, 48 Md. 545; Adair v. Adair, 38 Ga. 49; Arnold v. Fowler, 44 Ala. 168.

When a contract in writing is sought to be changed and reformed it should be made clearly to appear what the real contract was. A party can not call upon a court to spell out a contract or ask the court to impose on the parties one which neither of them has really made. Kent v. Manchester, 29 Barb. 598; Latrobe v. Haward, 10 Fla. 228 (13 Fla. 228); Miller v. Ins. Co., 42 N. J. Eq. 459; Irnham v. Child, 1 Bro. Ch. (Eng.) 92; Sylvius v. Kosek, 117 Pa. 67.

The law requires strong proof to support a real charge of mistake in a deed. Shepard v. Shepard, 36 Mich. 179; Mauzy v. Sellars, 26 Gratt. (Va.) 646.

That the court had no jurisdiction to grant the relief prayed for. That the reformation of the deed, without a foreclosure and resale was unconstitutional in that it took the property of the appellants without due process of law.

The appellants claim that this action of the court is in

direct violation of the fourteenth amendment to the Constitution of the United States, and of section 7 and 11 of article 1 of the Constitution of Utah.

The fourteenth amendment to the Constitution of the United States applies to an act of any person by virtue of public position under a state government. Pac. Gas Inf. Co. v. Ellert, 64 Fed. 421.

Due process of law in each particular case means such an exercise of the powers of the government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs. Cooley Const. Lim. 431 et seq.; Ex parte Ah. Fook, 49 Cal. 403; Am. and Eng. Ency. (New Ed.), vol. 10 p. 292 and cases there cited.

As applied to judicial proceedings the term "due process of law" means a course of proceeding according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights. Pennoyer v. Neff, 95 U. S. 733; Rees v. Watertown, 19 Wall. 107; Burton v. Platter, 10 U. S. App. 657; Board of Ed. v. Blackwell, 122 Ill. 339.

These lines have been settled and acquiesced in for many years, and as a matter of law they now constitute the true division line between the two plots of ground, whether originally correct or not. Payne v. English (Cal.), 21 Pac. 952; Ford v. Schlosser, 34 N. Y. S. 12; White v. Peabody (Mich.), 64 N. W. 4.

A party asking a court of equity to correct a mistake, must show himself to have been free from negligence. 15 Am. and Eng. Ency. of Law, p. 628 et seq.; Bonney v. Stoughton, 122 Ill. 536; Vooris v. Murphy, 26 N. J. Eq. 434; Cannon v. Sanford, 20 Mo. App. 530; Kennerty v.

Phosphate Co., 21 S. C. 226; Wellers Appeal, 103 Pa. St. 594; Pearse v. Suggs, 85 Tenn. 724; Massey v. Ins. Co., 70 Ga. 794; Foster v. Schneer, 15 Ore. 363; Bank v. Hawkins, 6 R. I. 198; Copehart v. Mhoon, 5 Jones (N. C.) Eq. 178; Rowe v. Horton, 65 Tex. 89; Brown v. Fagin, 71 Mo. 563; Toops v. Snyder, 70 Ind. 554; M'Ferran v. Taylor, 7 U. S. (3 Cranch.) 270; Dambmann v. Schulting, 75 N. Y. 63; Miller v. Powers, 119 Ind. 79.

*Messrs. Zane & Rogers* for respondent.

To correct mistakes in the description of boundaries in mortgages, foreclosure decrees and sheriff's deed like the ones in question, whether they occur by fraud or mutual mistakes, is one of the acknowledged branches of equity jurisprudence. Quivey v. Baker, 37 Cal. 465; Waldron v. Letson, 15 N. J. Eq., 126; Butler v. Barnes, 12 L. R. A. Ann., 273 and notes; Pace v. American Freehold Land & Mining Co., 17 Texas Civil Appeals, 506; Read v. Cramer, 34 Am. Dec. 204 and notes; Adm'rs of Read v. Cramer et al., 2 N. J. Eq. 277; Kelly v. Chapman, 30 Fed. Rep., 882; Born v. Schrenkeison, 110 N. Y. 55.

The trial court observed the deportment and demeanor of the witnesses on the stand and heard the questions put to each, and their manner in answering, and had a better opportunity of judging of their credibility than this court has, and unless the evidence is clearly insufficient to sustain the findings they will not be disturbed by the appellate court. Sidney Stevens Implement Co. v. South Ogden Land Co. (Utah) 58 Pac. 843 (846); McKay v. Farr, 15 Utah 261 (264); Eastman v. Gurrey, Id. 410 (419); Stahn v. Hall, 10 Id. 400; Dooly Block v. Transit Co., 9 Id. 31.

BASKIN, J.—This is an action to reform a mortgage and the sheriff's deed made to the purchaser, upon the sale of the mortgaged premises.

It appears that a short time previous to August 24, 1894, Taylor Brothers, who were in the loan and insurance business, and were brothers of Thomas E. Taylor, one of the defendants, applied to one Ernest M. Fowler, who was engaged in the business of procuring loans, to procure a loan for the said Thomas E. Taylor, on the security of certain real estate in Salt Lake City; that the said Fowler then applied to the plaintiff, from whom he had previously procured loans, to make the loan requested by Taylor Brothers; that the Taylor Brothers, before the said Fowler applied to the plaintiff to make the loan, had shown him the real estate upon which the desired loan was proposed, and that the same was inclosed by an old fence, and the walls of buildings thereon; that the said Fowler, before the loan was made went with the plaintiff upon the ground and pointed out the premises, and showed her the buildings thereon; that after the plaintiff was shown the premises she consented to make the desired loan of $3,000, and the said Fowler thereupon drew up a note for the amount and a mortgage to secure the same, but instead of including as he intended, the premises pointed out to him by Taylor Brothers, and by him to the plaintiff, by mistake and oversight only a portion of the premises so pointed out were included in the description. This note and mortgage was executed and delivered to the plaintiff upon the payment by her of the said sum of $3,000.

The plaintiff testified that at the time she loaned the money she supposed she was obtaining, as security, the property that Fowler pointed out to her, and would not have made the loan if she had known, or had any reason to believe that the mortgage did not embrace the premises shown to her, and that

she relied on Mr. Fowler and Taylor to see that she got what she bargained for.

It further appears that Fowler was paid a commission by Taylor Brothers; that upon default in the payment of the note being made, the mortgage was foreclosed, and the mortgaged premises were bid in by the plaintiff, and after the period of redemption had expired, a deed to her of the premises was made by the sheriff, and she took possession of the same; that the plaintiff for a long time after the foreclosure sale and after the execution of the sheriff's deed was ignorant that the mortgage did not include all of the property pointed out to her; that afterwards the said Thomas E. Taylor made claim to the portion of the premises pointed out to the plaintiff, which by mistake and oversight was omitted from the description of the property in the mortgage, and began to tear down a building situated thereon, whereupon the plaintiff instituted this action.

The defendants do not deny the execution and delivery by them of said note and mortgage. The foregoing facts, in substance, were alleged in the complaint, and are embraced by the findings of fact of the trial court, and are fully sustained by the evidence.

A decree was made and entered in the court below, as prayed for in the complaint, and from this decree this appeal is taken.

On the direct examination of Fowler, after he had stated that he had had something to do with the making of the loan, he was asked by plaintiff's counsel: "For whom were you acting in that direction?" To this question the defendant's counsel objected on the ground that the question called for the conclusion of the witness. The objection was overruled, and the action of the court was excepted to, and is assigned as error. The witness instead of answering the question directly stated,

without further objection, the facts relating to him hereinbefore set out, and as these facts show for whom he acted, the appellants were in no wise injured.

The second assignment of error discussed in the brief of appellants, is as follows:

"That the court erred in overruling the motion of the defendants to exclude from the record all the testimony of the witness Ernest M. Fowler in regard to the conversation with the plaintiff, for the reason that no testimony was offered, or introduced by the plaintiff, which tended to show that the witness was the agent of the defendants."

No reference is made in the brief, either to the abstract or transcript where such a motion was made, and after careful search in both we have been unable to discover that such a motion was made. In the transcript, however, early in the examination of Fowler, a motion was made to strike out his testimony previously given, on the ground mentioned, but after that motion had been overruled, he was examined and cross-examined, re-examined and re-cross-examined at great length, and no motion was made to strike out his testimony given subsequent to the first motion. The trial court had not, therefore, passed upon any such motion as that upon which said assignment of error is based. However as it appears from the evidence that Fowler conducted the negotiations, procured the loan, drew the note and mortgage for the defendants, although not directly authorized to do so by the defendants, when they accepted the loan and executed the note and mortgage, they ratified Fowler's acts, and were bound thereby as effectually as if they had in express terms authorized him to act as their agent, and whatever occurred between Fowler and the plaintiff in the negotiations which resulted in the loan and the execution of the note and mortgage was a part of the *res gestae,* and therefore admissible in evidence.

Counsel for the plaintiff, asked Fowler the following question: "In drawing the mortgage did you intend to have other property than that included in the mortgage." To this question defendants counsel objected on the ground that it was immaterial, and assigns as error the overruling of this objection.

Certainly if Fowler intended to include in the mortgage the land claimed to have been erroneously omitted and which was pointed out by him to the plaintiff, that fact was strong evidence of the alleged mistake. The question was well calculated to elicit the facts, and was therefore proper.

The appellants also rely upon the following assignments of error:

"That the court erred in overruling defendant's motion for non-suit at the close of the plaintiff's testimony for the following reasons: (a) That the complaint failed to state a cause of action. (b) That the court had no jurisdiction to grant the relief prayed for; (c) That there was no sufficient evidence offered or introduced to show that the defendants were guilty of any false, or fraudulent statements, or that the plaintiff was misled thereby; (d) That there was no sufficient evidence to prove that the plaintiff, and the defendants either through themselves or agents were mutually mistaken in drawing the mortgage described in plaintiff's complaint; (e) That there was no sufficient evidence to prove that the plaintiff, and the defendants either through themselves or through their agents mutually agreed upon any contract other than that contained in the mortgage; (f) That there was no evidence offered by the plaintiff to prove that any part of the property which the plaintiff sought to recover by a reformed decree was ever owned by the defendant; (g) That the evidence showed that the plaintiff had been negligent in not sooner discovering and asserting her alleged claim."

In regard to assignments (a) and (b) in the case of Quivey v. Baker, 37. Cal. 465, the scrivener, in drawing up a mortgage, made a mistake in the description of a lot which he intended to describe, by transposing the numbers of the block and range. The mortgage was afterwards foreclosed, and the mortgagee became the purchaser, and took possession. Afterwards Quivey, who claimed under a chain of conveyances from the mortgagor, brought a suit of ejectment against the party in possession, who claimed under mesne conveyance from the mortgagee. The defendant set up as an equitable defense, the mistake in the description of the mortgage. In the opinion rendered in the case, the court said:

"But it is said the mortgage can not now be reformed, because it has become merged in the judgment of foreclosure, and that it is not competent for a court of equity to reform the judgment and the sheriff's deed. We have been referred to no authorities in support of this proposition, and, on principles of reason and justice, we do not perceive why a court of equity may not reform mistakes in judgments or decrees, in like manner as in written instruments. But it is said there was no mistake, either in the decree or sheriff's deed, which followed the description in the mortgage, and could not have done otherwise; and consequently there is no mistake to reform in either of them. As well might it be claimed that if there be a mistake in the first of a series of conveyances, which was carried out through all the subsequent conveyances, that the court could only correct the mistakes in the first deed; and that, in fact, there was no mistake in the subsequent deeds, which were correctly copied from the first, as they were intended to be. But a court of equity does not administer justice on these narrow principles. It will not only go back to the original error and reform it, but will administer complete justice, by cor-

recting all subsequent mistakes which grew out of and were superinduced by the first.    It would be a vain thing to reform the first and perpetuate the last, by refusing to disturb it.  The rule in equity is to do nothing in halves; but in proper cases, to administer a full measure of relief, so as to avoid circuity of action and promote the ends of justice."    Donald v. Beals, 57 Cal. 405.

In the case of Born v. Schrenkeisen et al., 110 N. Y. 55, 59, the court said:

"In such a case, if, by the mistake of the scrivener or by any other inadvertance, the writing does not express the agreement actually made, it may be reformed by the court.    It is only where the action is to reform the agreement itself that it is required that it should be alleged in the pleading and proved on the trial that the mistake was mutual.    Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected.    (Pitcher v. Hennessey, 48 N. Y. 415.)"

In the case at bar the conditions upon which the loan was made were agreed upon by and between Fowler and the plaintiff, and the evidence shows beyond doubt, that it was agreed that the loan should be secured by a mortgage upon the premises pointed out by Fowler to the plaintiff, and that Fowler, in drawing the mortgage, by mistake omitted part of the premises which it was intended should be included therein.

In the case of Smith v. Jordan et al., 12 Minn. 264, 270, the court said that, "Whether the error in a written contract is the result of intentional or unintentional misstatements of the defendants is immaterial, for a court of equity has power to correct it as well in the former as in the latter case. * * * The charge here is that the agreement of the parties was

not correctly reduced to writing; that the error is the result of fraud or mistake."

In the case at bar the evidence clearly shows that the error in the mortgage resulted from mistake and not from fraud.

It is clear that the complaint stated a cause of action, and that the court below had jurisdiction to grant the relief prayed for.

Assignments (c) (d) and (e) we can not consider because the particulars in which the evidence is insufficient are not specified in the exceptions as required by sec. 3284, R. S.; Van Pelt v. Park, 18 Utah, 141.

In regard to assignment (f) the defendant, Thomas E. Taylor testified, as follows:

"I obtained the title to the south five rods of this ground several years after I obtained the title to the north five rods. In the beginning I owned 26 1-4 feet front and five rods deep only, my next purchase was the four by five rods in the rear, which would include all the ground described in plaintiff's complaint, except the entrance to the stairway."

This defendant, in his answer, did not disclaim title to any portion of the premises described in the complaint.

Assignment (g) is not supported by the evidence.

There are several assignments based upon alleged insufficiency of the evidence to support certain parts of the findings. The particulars, in which the evidence is insufficient, in these respects, are not specified. However, we are of the opinion that the findings are supported by the evidence.

There are some other assignments of minor importance, which it is not necessary to specifically pass upon. There is no reversible error appearing in the record.

It is ordered that the judgment of the court below, be affirmed, with costs.

*Miner, C. J.,* and *Bartch, J.,* concur.