## ROGERS v. EDWARD L. BURTON & CO.
### No. 2688.

Circuit Court of Appeals, Tenth Circuit.
July 19, 1943.

B. F. Napheys, Jr., of Denver, Colo. (Ernest L. Rhoads, of Denver, Colo., and Charles D. Moore, of Salt Lake City, Utah, on the brief), for appellant.

Robert L. Judd, of Salt Lake City, Utah (Paul H. Ray, S. J. Quinney, and A. H. Nebeker, all of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Sadie D. Rogers[1] brought this action against Edward L. Burton & Co.[2] to recover the value of eight bonds of the Holly Sugar Corporation, each payable to bearer and of the face value of $1,000.

From a judgment in favor of the Burton Company, the plaintiff has appealed.

The plaintiff purchased ten bonds from the Burton Company and left them in its possession for safekeeping. On February 19, 1941, the Burton Company, at the direction of Paul R. Emerick, forwarded the bonds to the Colorado National Bank,[3] of Denver, Colorado, with instructions to deliver them to Emerick, as agent for the plaintiff. The bank delivered the bonds to Emerick. Later, plaintiff recovered two of the bonds.

The trial court found that Emerick was the agent of plaintiff on February 19, 1941, and authorized as such to receive the bonds. That finding should not be disturbed if it is supported by substantial evidence and is not clearly erroneous.[4]

The Burton Company had purchased two of the bonds prior to August 29, 1940. On the latter date, the plaintiff, accompanied by Emerick, went to the office of the Burton Company in Salt Lake City, Utah. Plaintiff introduced. Emerick to Mr. Edward L. Burton, President of the Burton Company. She stated to Mr. Burton: "I have engaged Mr. Emerick to assist me, help direct my affairs; he is over here in connection with this work with you and we have gone over your letters, gone over the bonds." After both Emerick and plaintiff had fully discussed with Mr. Burton the purchase of the additional bonds, plaintiff signed a written order to the Burton Company to purchase eight additional bonds. Both plaintiff and Emerick stated that they did not intend to return to California for some time and that the Burton Company, after purchasing the bonds, should retain them in its possession until they gave it further instructions or advice. Plaintiff said: "I think that is all right, let them keep them until we return home or until we advise them." Having been advised by the Burton Company that it had purchased the bonds as ordered, plaintiff on September 11, 1940, sent her check to the Burton Company in payment for the bonds, stating in her letter of transmittal, "Would you kindly place these 10 bonds in your safe and keep them for me, until my return to California, in some six or eight weeks?" In reply thereto the Burton Company wrote her, in part, as follows:

"As per your instructions, we will place the bonds in safekeeping in our box at Tracy Loan and Trust Company and hold them subject to your further orders. Upon further instructions in this connection we will ship to you as instructed by insured registered mail."

Plaintiff married Emerick on October 13, 1940. She gave him several powers of attorney. Later, she employed D. W. Strickland, Esq., an attorney of Denver, Colorado, to bring certain legal proceedings against Emerick to recover the bonds and to cancel a lease she had entered into with Emerick. Plaintiff told Strickland the facts with respect to Emerick's authority to act as her agent. On March 15, 1941, Strickland wrote a letter to the Burton Company with respect to a check issued by plaintiff to the Burton Company in part payment for the bonds, in which he stated

---

[1] Hereinafter called the plaintiff.

[2] Hereinafter called the Burton Company.

[3] Hereinafter called the bank.

[4] Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Ryan v. Denver Union Terminal Ry. Co.. 10 Cir., 126 F.2d 782.

that Emerick "was handling some of Mrs. Rogers affairs, including the expending of quantities of money." On March 28, 1941, Strickland wrote the Burton Company relative to such check, saying the transaction must have been handled for plaintiff by Emerick, who was handling business matters for her at that time. On April 22, 1941, Strickland wrote to the Burton Company stating that it delivered the bonds to Emerick as agent for plaintiff, and that he desired to prove that agency in order to prove plaintiff's ownership of the bonds. In 1941 plaintiff brought two actions against Emerick in the District Court in and for the City and County of Denver, State of Colorado. She personally verified the complaints in such actions. In one she alleged that the bonds herein involved "came into the possession of * * * Emerick, as agent for the plaintiff [Sadie D. Rogers]." In the other she alleged that she had been "duped and purposely misled by the defendant Paul R. Emerick, who she regarded as her confidential personal agent."

Admissions of an agent made within the scope and in the course of his agency are admissible against his principal.[5]

An admission contained in the pleading in one action may be received in evidence against the pleader on the trial of another action.[6]

The evidence of what transpired at the time the order was given for the purchase of the bonds at Salt Lake City, coupled with the admissions of the plaintiff in her verified complaints in the state court actions and the admissions of her attorney in his correspondence with the Burton Company, afforded substantial support for, and fully justified, the court's finding that Emerick was duly authorized to receive the bonds as plaintiff's agent.

It follows that the judgment of the trial court was right and it is affirmed.

[5] Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 250, 38 S.Ct. 65, 62 L.Ed. 260, L.R.A.1918C, 497, Ann.Cas.1918B, 461; La Abra Silver Mining Co. v. United States, 175 U.S. 423, 498, 20 S.Ct. 168, 44 L.Ed. 223; Idaho Forwarding Co. v. Fireman's Fund Ins. Co., 8 Utah 41, 29 P. 826, 827, 17 L.R.A. 586; Marks v. Taylor, 23 Utah 152, 63 P. 897, 898; 31 C.J.S., Evidence, § 343, pp. 1113, 1114.

[6] General Electric Co. v. Jonathan Clark & Sons Co., C.C.N.Y., 108 F. 170; Lehigh Valley R. Co. v. Allied Machinery Co., 2 Cir., 271 F. 900, 902; Hyman v. Wheeler, C.C.Colo., 29 F. 347, 356; Pope v. Allis, 115 U.S. 363, 370, 6 S.Ct. 69, 29 L.Ed. 393; White v. Mechanics' Securities Corporation, 269 U.S. 283, 302, 46 S.Ct. 116, 70 L.Ed. 275; Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, 2 Cir., 32 F.2d 195, 198; 31 C.J.S., Evidence, § 303, p. 1075; 20 Am.Jur. § 639, p. 539.