**C. L. VINCENT, d/b/a Vincent Trucking Company, Ennis Lee Hemphill, and Superior Insurance Company, a corporation, Appellants,**

v.

**L. H. YOUNG, Appellee.**

No. 7325.

United States Court of Appeals Tenth Circuit.

Nov. 14, 1963.

Donald R. Newkirk, Wichita, Kan. (Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt and John E. Rees, Wichita, Kan., on the brief; Hugo T. Wedell and Homer V. Gooing, Wichita, Kan., of counsel), for appellants.

Thomas C. Boone, Hays, Kan., for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

This is a personal injury action arising out of a collision between an automobile driven by the plaintiff and a truck [1] stalled on a Kansas highway. In a former trial, the court directed a verdict for the defendants. On appeal that judgment was reversed. Young v. Vincent, 10 Cir., 310 F.2d 709. On the second trial, the plaintiff's testimony as to the weather conditions and the manner in which he operated his automobile immediately prior to the collision, was in some respects substantially different from that given at the first trial. For the purpose of impeachment, the defendants, on cross-examination, questioned the plaintiff as to his former conflicting testimony, which was read to him from a transcript. Some of the discrepancies were admitted by the plaintiff and an explanation offered. Later in the trial, the defendants offered in evidence a transcript of a portion of the former testimony, as admissions of the plaintiff, to prove the weather and road conditions existing at the time of the collision and plaintiff's operation of his automobile under those conditions, for the purpose of establishing contributory negligence. This offer was rejected.[2] The only question presented by this appeal is whether it was prejudicial error to exclude the offer.

The material facts in the case are that the plaintiff, Young, lived in Morland, Kansas, which is located 13 miles west of Hill City, Kansas. He left Morland by automobile early in the morning on March 9, 1960, and had driven to Hill City, then south approximately 14 miles to a point where he ran into the rear end of the truck. There was variable fog throughout the trip. He testified that it was dark when he left Morland, and while driving to Hill City he encountered a moving fog which at times was extremely

1. The truck was owned by the defendant Vincent, was driven by the defendant Hemphill, and insured by the defendant Superior Insurance Company.

2. In rejecting the offer of proof, the court stated: "I will make this ruling: That the plaintiff is now present in Court, subject to be called and interrogated on each of the questions asked and the answers given at the previous trial. And the Court would allow the widest of latitude for impeachment purposes if the plaintiff is called by the defendant respecting the matters which you covered in the original trial."

intense, particularly at the lower levels of the highway. As he traveled south from Hill City it was still foggy, but less intense than before. The highway passed through rolling country, rising over knolls and dipping into what was sometimes referred to as "draws", where the highway was lower than usual. The truck was stalled near the bottom of one of these "draws", a considerable distance from the beginning of the downward slope leading to it. The plaintiff testified that as he approached the scene of the collision, his visibility was from 1/16 to 1/4 mile, and this condition remained fairly uniform. He stated that shortly after he crossed a culvert at the lowest point in the highway, he was suddenly engulfed in heavy fog, and his visibility was almost nil. He used his brakes to slacken his speed until he ran over an object [3] on the highway, at which time he sharply applied the brakes, and the crash occurred shortly thereafter. The effect of plaintiff's testimony was that his visibility was not significantly affected by the fog until after he crossed the culvert.

On cross-examination, plaintiff was confronted with his testimony given at the prior trial, which was in some respects directly contrary to his present testimony. At the first trial, he testified that the fog conditions south of Hill City were worse than they had been between Morland and Hill City, that in some of the lower places his visibility was limited to one rod (16 1/2 feet), and that as he started the decline prior to the collision he was engulfed in heavy fog which continued until he ran into the truck.[4] There was evidence that the decline began about 1000 feet north of the culvert and that the culvert was approximately 600 feet north of the point where the truck was stalled. The plaintiff explained that after the first trial he read the transcript of the proceedings, and after going over the area he concluded that he was mistaken as to the extent of the fog conditions immediately preceding the collision. A game warden who was traveling south from Hill City came upon the scene within a very short time after the collision.[5] Others, including highway patrolmen, were at the scene of the accident within a short time. During this time the fog conditions in the area remained about as described by the plaintiff.

3. It developed that the object which was struck by the plaintiff's car was a reflector which had been placed in the center of the highway by the driver of the truck.

4. The following questions and answers illustrate the difference in plaintiff's testimony at the two trials. At the first trial, this testimony was given:
    "Q. Well, was it at the top of the knoll or as you went down the hill? A. Well, the fog came in, caught me at the top of the hill. Q. Caught you at the top of the knoll. And was it at the top of the knoll when your visibility was limited first to one rod, at that particular point? A. No, it thickened as I moved down the slope. Q. Did it get less than a rod? A. My visibility, no. Q. All right. When did the visibility get reduced to about a rod with reference to the downward slope, in your judgment? A. I can't give you time in there. This thing happened, it was all of a sudden. I, just as I came over that crest this thing enveloped me so suddenly."
    At the second trial, this testimony was given by plaintiff:
    "Q. Now, which is true, did the fog catch you at the top of the hill or did the fog catch you down at the culvert? A. The best I recall, I had passed the culvert and that's when the fog enveloped me. Q. And it's your sworn testimony to this Jury today that you didn't get into the heavy fog until you passed the culvert after you had come completely down that downgrade hill? A. That is my testimony when I was called. Q. And this answer that you gave before was wrong, is that correct? A. Mistaken, yes, sir."

5. The game warden testified that there was considerable fog on the highway all the way from Hill City, but that he was able to see within the range of the bright lights of his automobile; that when he came down the slope he did not encounter dense fog until after he had crossed the culvert; that within seconds he saw the defendant Hemphill in the highway waving his arms and he applied his brakes; that to avoid hitting the plaintiff's car he was required to go "into the ditch." Hemphill testified that immediately after the crash, he proceeded north from the vehicles to place a lighted fusee, but did not have time to place it before the game warden arrived.

In rejecting the proffered evidence, the court applied the rule that prior statements of a witness who is not a party to an action are admissible only to impeach or discredit a witness, and are not admissible as substantive evidence of the facts to which the former statements relate. See Brooks v. United States, 10 Cir., 309 F.2d 580. This rule, however, has no such limitation as to parties to litigation. Prior statements of a party, including testimony in a former case, are generally admissible as primary evidence against the party making them. 31 C.J.S. Evidence §§ 302, 311, 381.[6] Pope v. Allis, 115 U.S. 363, 6 S.Ct. 69, 29 L.Ed. 393; Friedman v. Sealy, Inc., 10 Cir., 274 F.2d 255; Rogers v. Edward L. Burton & Co., 10 Cir., 137 F.2d 284; Order of United Com. Travelers v. Greer, 10 Cir., 43 F.2d 499; 'Kinghorn v. Pennsylvania R. Co., 2 Cir., 47 F.2d 588. Even though this evidence was admissible to establish the facts to which it related, we are satisfied that the error did not affect substantial rights of the defendant which would warrant a reversal. Rule 61, Fed.R.Civ.Proc. On cross-examination all of the relevant evidence given at the former trial was meticulously referred to by counsel for the defendants and heard by the jury in question and answer form. In comparing his former testimony with that given by the plaintiff in the second trial, the jury, as the sole judge of plaintiff's credibility, was free to believe or to disbelieve that which was in conflict with the former testimony. There was no substantial conflict in the evidence at the second trial as to the fog conditions at the time and immediately after the collision. There was no evidence except the plaintiff's testimony as to the condition of the fog and the road as he approached the point of collision, although there was other evidence of these conditions shortly thereafter. If the jury had disbelieved plaintiff's testimony, as it had a right to do, and found that the conditions were different than he testified they were, it is unlikely that it would have returned a verdict favorable to him. A litigant who seeks to have a judgment set aside because of an erroneous ruling has the burden of showing prejudice. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Creekmore v. Crossno, 10 Cir., 259 F.2d 697.

Affirmed.

---

6. It is not contended that the plaintiff was bound by his former testimony.