LUCERO, Circuit Judge,
concurring.
I concur in today’s decision as ably expressed by Judge Briscoe. I agree that considering the first two sentences of the trial court’s answer, any error in the court’s response to the jury’s request to make an oral statement in addition to its verdict did not adversely affect the substantial rights of the appellant, and was harmless. This should end our analysis.
My inability to join fully in the majority opinion, which causes me to write separately, results from my colleagues’ reliance, as an alternative basis, on appellant’s failure to designate the trial transcript — apparently in its entirety — in order to disprove harmlessness. I find my colleagues’ reliance troublesome in that it appears to place a burden on all appellants to designate such portions of the record necessary to counter harmlessness, or risk an adverse determination. The present case is particularly nettlesome because it is unnecessary for us to have additional portions of the record before us in order to arrive at the conclusion that we have reached today.
Our decision should not be read as holding that an appellant invariably carries a burden to disprove harmlessness. Such a reading needlessly enters the much conflicted body of jurisprudence regarding burdens or presumptions in harmless error analysis in civil cases. Compare Lusby v. T.G. & Y. Stores, Inc., 796 F.2d 1307, 1312 n. 4 (10th Cir.1986) (“In harmless error analysis the beneficiary of the error (usually the appellee) has the burden to show that the error almost surely did not affect the outcome of the case.”), cert. denied, 479 U.S. 884, 107 S.Ct. 275, 93 L.Ed.2d 251 (1986) with Vincent v. Young, 324 F.2d 266, 269 (10th Cir.1963) (“A litigant who seeks to have a judgment set aside because of an erroneous ruling has the burden of showing prejudice.”)
Depending on the nature or type of error at issue, more recent authority eschews the use of burden shifting devices in harmless error inquiries. In O’Neal v. McAninch, — U.S. -, ---, 115 S.Ct. 992, 994-95, 130 L.Ed.2d 947 (1995), the Supreme Court explained:
we deliberately phrase the issue in this case in terms of a judge’s grave doubt, instead of in terms of “burden of proof.” The case before us does not involve a judge who shifts a “burden” to help control the presentation of evidence at trial, but rather involves judges who apply a legal standard (harmlessness) to a record that the presentation of evidence is no longer likely to affect. In such a case, we think it conceptually clearer for the judge to ask directly, “Do I, the judge, think that the error substantially influenced the jury’s decision?” than for the judge to try to put the same question in terms of proof burdens (e.g., “Do I believe the party has borne its burden of showing ... ?”).
Significantly, the O’Neal Court made an additional admonition: it remains ‘“the responsibility of the ... [appellate] court, once it concludes there was error, to determine whether the error affected the judgment. It must do so without the benefit of such aids as presumptions or allocated burdens of proof that expedite fact-finding at the trial.’ ” Id. at -, 115 S.Ct. at 995 (quoting Roger J. Traynor, The Riddle of Harmless Error 26 (1970)).
*1375 O’Neal was decided in a habeas context, and I am mindful that while technically a civil action, a habeas case involves errors which allegedly “occurred in a criminal proceeding ... [where] someone’s custody, rather than mere civil liability, is at stake.” Id. at -, 115 S.Ct. at 996. However, O’Neal itself notes that
even if, for argument’s sake, we were to assume that the civil standard for judging harmlessness applies to habeas proceedings ... it would make no difference_ For relevant authority rather clearly indicates that, either way, the courts should treat similarly the matter of “grave doubt” regarding the harmlessness of errors affecting substantial rights....
Id. at -, 115 S.Ct. at 997 (emphasis supplied).
A “burden-free” approach seems to have been applied in Tenth Circuit civil eases decided after O’Neal. In Mehojah v. Drummond, 56 F.3d 1213 (10th Cir.1995), the court simply stated that the harmless error “statute applies to both criminal and civil cases. Applying the nonconstitutional standard for harmless error, we are satisfied that the erroneous exclusion of the evidence did not have a substantial influence on the verdict, nor do we have grave doubt as to whether it had such an effect.” Id. at 1215-16 (citing O’Neal). Additionally, a “burden-free” approach is consistent with other authorities. See 28 U.S.C. § 2111 (silent as to burden of proof); Fed.R.Civ.P. 61 (silent as to burden of proof); 11 Charles A. Wright et al., Federal Practice and Procedure, Civil 2d, § 2883 (1995) (noting that statements in eases regarding presumptions and burdens of proof in a harmless error context are of “doubtful value,” and “seem to be contrary to ... [Supreme Court warnings] ‘against attempting to generalize broadly, by presumptions or otherwise.’ ”)
Because we have unanimously concluded that the alleged error complained of here does not affect the appellant’s substantial rights and is harmless, I think it best to leave for resolution at a later date issues surrounding “burden-free” harmless error analysis, including the related issue of designation of the record,