PARAGOONAH FIELD AND CANAL COMPANY AND OTHERS, RESPONDENTS, v. WILLIAM EDWARDS, APPELLANT.

NEW TRIAL.—STATEMENT.—SPECIFICATION OF ERRORS.—If the statement upon motion for a new trial contains no specification of errors, either of insufficiency of the evidence or errors of law, the statement will be disregarded, even though the notice of motion does contain such specification, overruling *Stevens* v. *Higginbotham*, 6 Utah, 215.

APPEAL.—MODIFICATION OF DECREE.—DIRECTING ENTRY.—The appellate court will make a proper decree upon the findings and evidence before it and direct its entry by the lower court.

INJUNCTION.—MANDATORY.—REMOVAL OF OBSTRUCTION.—The decree entered in this case by the appellate court was mandatory commanding defendant to remove obstructions.

APPEAL from a decree of the district court of the second district and from an order refusing a · new trial, Hon. T. J. Anderson, judge.

The transcript in this case was in a remarkable condition. It showed the complaint and answer, the evidence taken at the trial, the findings and decree, a notice of motion for a new trial, specifying errors; then followed a specification of errors, pointing out wherein the evidence was insufficient; then followed the notice of appeal and undertaking, and a stipulation to this effect: "The foregoing record is a full, true and correct copy of the judgment roll, of all testimony taken at the trial, and may be used as the statement on motion for a new trial and on appeal, and all the exhibits used in evidence in said case are considered as incorporated in the said record and the originals may be used on motion for a new trial and on appeal. And the plaintiffs waive all irregularities in

the time of service of the said papers, of the notice of motion for a new trial and of the foregoing record, and hereby acknowledge that all were served in due time." This stipulation was signed by the respective attorneys, This was the only settlement of the statement. It was not signed or settled by any judge. It did, however, contain the specification of errors mentioned above.

The findings of the lower court were as follows: That the plaintiff corporation is and was a corporation, that the original appropriators of the waters of Red Creek turned them over to the plaintiff corporation, and one of the persons so doing was the defendant, that plaintiff corporation continued the use and control of said waters until June, 1890, with the acquiescence of the defendant, when defendant diverted said waters from their usual course and from the ditches of plaintiffs and ran the same upon new lands, depriving plaintiffs, other than the corporation, of water in their ditches for the use of their lands along said ditches, to their irreparable damage.

The original decree gave the control of the waters to the plaintiff corporation and the other plaintiffs and the words "the other plaintiffs" were stricken out wherever they occurred leaving the whole control to the plaintiff corporation. This was the only change.

*Mr. Barlow Ferguson, Mr. Scipio A. Kenner* and *Mr. John W. Christian,* for the appellant.

*Mr. Presly Denny* and *Mr. John W. Judd,* for the respondents.

SMITH, J.:

In this case there is an appeal from the judgment and from an order denying defendant's motion for new trial.

The appeal from the order denying a new trial must be disregarded.

The statement on motion for new trial was settled and signed by the judge and the motion for a new trial was founded on it. The statement contains no specifications of insufficiency of the evidence or of errors of law; there were no affidavits used on the motion. Sec. 3402, sub. sec. 3 of the Compiled Laws, provides, among other things:

"If no specifications be made the statement shall be disregarded on the hearing of the motion."

It results therefrom that the statement must be disregarded here, and without it there is nothing to be considered on the appeal from the order denying the new trial. This leaves nothing to be considered except the appeal from the judgment, and as to whether the judgment is right must be determined from the judgment roll. We will not undertake an analysis of the pleadings, findings and decree which constitute the judgment roll. One point only is made which we deem it necessary to consider and that is, that the decree is uncertain and ambiguous in certain particulars. We think this objection is well taken, but as all the papers are before us, we deem it best we should direct a modification of the decree as we may do, without injustice to any of the parties concerned. We therefore direct, that the cause be remanded to the court below with directions to enter the following instead of the decree appealed from, to wit:

## "DECREE.

*"Decree of Court, enjoining maintenance of dam.*

"This cause having been regularly called and tried by the court, and the findings of fact and conclusions of law, and the decision thereon in writing, having been rendered, wherein judgment was ordered in favor of plaintiffs, and against defendant and for costs, on motion of attorney for plaintiffs, it is ordered, adjudged and decreed that plaintiffs have judgment as prayed for in this complaint; that

defendant, his servants,. agents, and employés, be perpetually enjoined and restrained from diverting or using any water from the regular channel of Red Creek, Iron county, Utah, except as ordered by the said company plaintiff, or from diverting the said waters from running by the dwellings of the other plaintiffs, or the ditches running by said dwellings; except by order of the plaintiff corporation, but that the same may be allowed to flow as heretofore prior to the diversion complained of, under the control of said corporation. That. defendant be required to remove from the ditches running to the Paragoonah Field, and by the dwellings of the other plaintiffs herein, all dams and constructions preventing the water from flowing at all times as heretofore by said dwellings and down to said field, and as ordered by said company, or the directors thereof, and restrained from placing in said ditches any obstructions preventing the water from flowing as heretofore, and at the time of the organization of the said company, and not into new lands not .included in said field, and that plaintiffs have judgment for their costs, taxed at_____dollars."

It is further ordered that each party to this suit, pay, their own costs on this appeal, each party to pay one-half of the costs of the clerk of this court.

MINER, J., and BARTCH, J., concurred.