# CHARLES MADER, APPELLANT, *v.* TAYLOR, ROMNEY & ARMSTRONG, RESPONDENTS.   CHARLES MADER, APPELLANT, *v.* SALT LAKE BUILDING & MANUFACTURING CO., RESPONDENT.

ACTION AT LAW—ASSIGNMENT OF ERRORS—CONFLICTING EVIDENCE —MONEY HAD AND RECEIVED.

1. A simple action for money had and received is an action at law, and not a suit in equity.

2. An assignment of errors that "the court erred in its findings of fact" when it found certain facts, intended as a specification of the insufficiency of the evidence to justify the decision, is not a compliance with subdivision 3 of section 3402 of the Compiled Laws of Utah of 1888.

15 UTAH—11

3. Where there is a substantial conflict of evidence in a law action, under section 9, art. 8, of the constitution of Utah, which provides that "in cases at law the appeal shall be on questions of law alone," this court will not weigh conflicting evidence to decide upon which side is the preponderance.

4. Numerous lumber dealers, including the defendants, associated together as a lumbermen's exchange, severally bought of B. & Co. lumber and other material, for which they paid part cash and the balance in the individual and several promissory notes of the purchasers, in amounts proportionate to the material apportioned to each. The material purchased was delivered to D., an agent of the purchasers, with instructions from them to deliver it to the dealers who called for it, and to collect cash from those who drew more, than the amount apportioned to them, and to pay the cash thus collected to those who received less than the amount due them. All the said notes were paid B. & Co., except the ones given on behalf of the C.-L. L. Co. None of the material represented by the unpaid notes was received by the C.-L. L. Co., but three other dealers, who received more material than their proportion, paid cash for the same to the agent, D., without special instructions to whom to pay it. D. deposited this money in his general bank account, as agent, with other money of the dealers, and afterwards paid to the defendants, by check on the general fund at the bank, the proportion of funds due them, and also the proportion due the C.-L. L. Co. *Held*, that the plaintiff, who was assignee of the unpaid notes, was not entitled to recover of the defendants the amounts received by them, due to the C.-L. L. Co., there being no privity between plaintiff and the C.-L. L. Co.

(No. 749. Decided June 17, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. John A. Street, *Judge.*

Action by Charles Mader for money had and received against the Taylor-Romney-Armstrong Company and by the same against the Salt Lake Building and Manufacturing Company. Judgment for defendants. Plaintiff appeals. *Affirmed.*

*J. M. Thomas, W. A. Byers,* and *J. M. Bowman,* for appellant.

*Bennett, Harkness, Howat & Bradley,* for respondents.

HART, District Judge:

These two causes, being dependent upon the same facts, were by consent tried together by the court without a jury. The findings were in favor of the defendants, and the actions dismissed at plaintiff's cost. A motion for a new trial was made and denied, and an appeal taken from the judgment and order to this court. While an appeal will not lie to this court from an order denying a motion for a new trial, under section 9, art. 8, of the constitution of Utah, yet on appeal from the judgment the errors committed by the trial court in denying motion for new trial may be reviewed, when properly embodied in a bill of exceptions, or otherwise properly preserved in the record, as decided in this court at this term in the case of *White* v. *Pease,* 15 Utah 170. Both cases at bar will be treated as one in this opinion.

This is a simple action for money had and received, and corresponds with the old common-law action of *indebitatus assumpsit.* It is an action at law, and not a suit in equity. 1 Am. & Eng. Enc. Law, p. 882; 2 Enc. Pl. & Prac. pp. 888-1016.

Appellant's assignment of errors in his statement on motion for new trial is as follows: "(1) That the court erred in its findings of fact when it found that Visser gave his notes because the Cary-Lombard Company could not give notes, when the evidence showed the notes were given to enable Mader to show that Beggs & Co. owned the claim for $703, and to settle with his partner; when it found the Beggs yard had been turned over to the

exchange, when the evidence showed it to have been turned over to the dealers. (2) That the court erred in its conclusions of law when it found that Mader had no interest in the excess money paid to the defendants, when the evidence showed the money belonged to Mader, which fact was known to the defendants when they received it. (3) That the court erred in rendering judgment against plaintiff and in favor of defendants, when the evidence showed that the Cary-Lombard Company did not claim the money, but that it belonged to Mader." Appellant probably intended to assign and rely upon the insufficiency of the evidence to justify the decision, but it is very doubtful if he has brought himself within the requirements of section 3402, subd. 3, of the Compiled Laws of Utah of 1888, which provides: "When the notice of motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion." This court has before indicated that the provisions of this statute were intended to be enforced. *Slater* v. *Railway Co.*, 8 Utah, 178; *Sterling* v. *Parsons*, 9 Utah, 81; *Bankhead* v. *Railroad Co.*, 2 Utah, 507; *Canal Co.* v. *Edwards*, 9 Utah, 477. If the insufficiency of the evidence in any particular is relied on, it is easy to say so, and not designate it as error of the court, —error in law. In the case of *Smith* v. *Christian*, 47 Cal. 19, under a statute like our own, the court declined to consider errors assigned in a manner similar to the fore-

going. But, treating the assignment of errors in this case as though made in compliance with the statute, we fail to find any reversible error in the record. Briefly stated, the findings of fact are as follows: (1) That in 1891 some 14 firms of lumber dealers of Salt Lake City including these defendants, composed a voluntary association known as the Salt Lake Lumberman's Exchange, and that during its existence one W. G. Donnell was its secretary. (2) That in that year negotiations were made by said exchange to purchase the lumber and stock in trade of George Beggs & Co., a partnership, at the price of $10,652, and that it was finally mutually agreed between said dealers who were members of said exchange and George Beggs & Co. that said dealers would purchase the stock in trade and other personal property of George Beggs & Co.; each dealer to take a certain percentage of the same, which was allotted to each by a committee appointed by said dealers, said allotment being as follows: Salt Lake Building & Manufacturing Co., 6.83 per cent.; Cary-Lombard Lumber Co., 7.08 per cent.; Taylor-Romney-Armstrong Co., 11.06 per cent.; Parker & Depue, 6.66 per cent.; Morrison, Merrill & Co., 9.53 per cent.; Mason & Co., 12.20 per cent.; and others,—making a total of 100 per cent. That of said $10,652 there was paid in cash by said dealers the sum of $643.88, according to said percentages, and the remaining $10,008 was to be in notes by each of said dealers according to the allotted percentages. (3) That in pursuance of this agreement each of said dealers, except the Cary-Lombard Lumber Company, on or about the 15th day of November, 1891, gave his promissory note to George Beggs & Co. in the proportion agreed, and that at the same time one E. A. Visser, the manager of Cary-Lombard Lumber Company, gave his promissory notes to George Beggs & Co., aggregating

$703, which was the amount allotted the Cary-Lombard Lumber Company, less its cash allotment, which it paid; said Visser giving his notes for the reason that the Cary-Lombard Lumber Company was a corporation, and by its charter was prevented from signing any notes. That all of said notes have been paid except the notes of said Visser, no part of which has been paid. (4) That after the original negotiations to purchase, and before it was agreed that each lumber dealer who was a member of said exchange should be allotted a certain proportion of the stock in trade of George Beggs & Co., said George Beggs & Co., by direction of the members of said exchange, turned over to W. G. Donnell, as agent of said dealers, the stock in trade of George Beggs & Co.; and thereafter, and after the giving of the notes as aforesaid, said Donnell was directed by said lumber dealers to keep an account of what each of said lumber dealers took from said stock in trade, and to recover of each dealer who received more than the amount of his original allotment the excess, and from the sum so received to pay the dealers who had received less than the original allotment the amount they had not received in material. That some of the dealers drew lumber in excess of their allotment, but the Cary-Lombard Lumber Company drew an amount equal only to their cash payment. That on the 5th day of November, 1891, Parker & Depue paid to Donnell $536, Mason & Co. paid to Donnell $192, and Morrison, Merrill & Co. paid to Donnell $106, in payment of lumber drawn in excess of their proportion. That at the time of said payments no directions were given by them or either of them, to said Donnell, in regard to the disposition of said money. (5) That said exchange had an account with the Utah National Bank, as its bankers, and the said Donnell placed all the moneys so received by him from Parker &

Depue, Mason & Co., and Morrison, Merrill & Co. to the credit of the exchange, in the general account at said bank, which then aggregated $3,067, the greater portion of which had been received from dealers in payment of the excess of material received by them. That on the 5th day of November, 1891, said exchange was indebted to the defendant the Taylor-Romney-Armstrong Company in excess of $768 and to the defendant the Salt Lake Building & Manufacturing Company in excess of $836.50, and on that day said Donnell paid to each of said defendants the respective amounts above mentioned; the same being the proportion they were entitled to from the amount in said bank, computed upon a percentage that the same would pay to the persons to whom the exchange was indebted, and were paid by checks on said account in said bank. (6) That in the said amounts paid as aforesaid to the defendants there was included $575 due to the Cary-Lombard Lumber Company, or to E. A. Visser, derived from the transaction with George Beggs & Co. as aforesaid, and the defendants gave Donnell a bond to protect him against any claims, demands, or suits arising out of said payment. That the said sum of $575 was divided proportionally between defendants,—$435 to the Taylor-Romney-Armstrong Company, and $140 to the Salt Lake Building & Manufacturing Company. (7) That plaintiff, Charles Mader, after the execution of said notes, and prior to the payments aforesaid, became the owner, by assignment, of the notes executed by E. A. Visser to George Beggs & Co.

As conclusions of law the court found substantially as follows: (1) That George Beggs & Co. took the notes of the several dealers, including the note of E. A. Visser, as the several promises of each of the makers of said notes, respectively, and that the indebtedness of said dealers

was several, and not joint, and that none of said dealers were liable to George Beggs & Co. for anything further than the amount of the notes given by such dealer. (2) That neither the said George Beggs & Co. nor the said Mader, as the assignee of said notes of said Visser or otherwise, ever were interested in, or had any right to, any of the money paid by any of said dealers to said Donnell for the excess lumber received by said dealer in excess of the amount allotted to them. (3) That plaintiff had no interest in the sums of money paid by Parker & Depue, Mason & Co., and Morrison, Merrill & Co. to Donnell, and had no interest in the money paid by Donnell to the defendants. (4) That plaintiff's complaint against each of the defendants should be dismissed at plaintiff's cost.

Appellant objects to the finding that the Beggs lumber yard was turned over to the exchange, and insists that the evidence shows that it was turned over to the dealers. In view of the finding that the sale was made to the dealers individually and severally, and that they were severally, and not jointly, liable, it is immaterial to whom the delivery was made under such sale. Besides, the finding is that the property purchased was turned over to W. H. Donnell as agent of the dealers. It is also insisted that the evidence shows that the Visser notes were given to enable Mader to show that Beggs & Co. owned the claim for $703, and to settle with his partner, Beggs, and were not given because the Cary-Lombard Lumber Company could not, under its charter, give notes. Taking the other findings to be correct, it is immaterial why the Visser notes were given. If they were given as appellant contends, that would not prove that the Cary-Lombard Lumber Company was not liable to Beggs & Co. for its original apportionment of the Beggs & Co. material.

Neither would it prove that those dealers who drew excess lumber were liable therefor to Beggs & Co., nor that the payment made by them to Donnell was for the use and benefit of Beggs & Co. Besides, the transcript of the testimony shows a substantial conflict of evidence as to why the Visser notes were given, and this being a law action, and governed by that part of section 9 of article 8 of the constitution of the state of Utah which provides that "in cases at law the appeal shall be on questions of law alone," this court will not weigh conflicting evidence to decide upon which side is the preponderance. A careful examination of the transcript shows there was legal evidence supporting all the facts found and that upon most points there is not even a conflict of testimony. Accepting the facts found as being sustained by the evidence, it is too clear for argument that the conclusions of law are correct, and are the only ones to be deduced from the facts. The fact that the defendants received from Donnell a proportion of funds on hand that the Cary-Lombard Lumber Company or E. A. Visser might have legally laid claim to does not give the plaintiff the right to recover the same simply because he is a creditor of the Cary-Lombard Lumber Company or E. A. Visser, no assignment of the claim having been made to plaintiff by either of said parties. The judgment of the trial court is ordered affirmed as to both cases at plaintiff's cost.

ZANE, C. J., and MINER, J., concur.