JOHN A. VAN PELT, RESPONDENT *v.* BOYD PARK, ADMINISTRATOR OF THE ESTATE OF JOHN G. LOGAN, THE NATIONAL BANK OF THE REPUBLIC, AND J. F. WOODMAN, APPELLANTS.

APPELLATE PRACTICE—EQUITY CASES—OBJECTIONS TO SUFFICIENCY OF EVIDENCE—HOW TAKEN—R. S. 1898, SECS. 3284, 3296—IMPROPER TESTIMONY.

*Appellate Practice — Equity Cases — Objection to Sufficiency of Evidence—How Taken—R. S. Secs. 3284, 3296.*

Notwithstanding the rule that, in equity cases the appellate court may go behind the findings and decree, consider all the evidence and ascertain whether or not the proof justifies the findings and decree, appellant must comply with Secs. 3284, 3296 R. S. 1898, and objections to the insufficiency of the evidence to justify the findings and decree, must specify the particulars in which such evidence is alleged to be insufficient.

*Improper Testimony.*

It is not proper to ask a witness to state a conversation between third parties, in the absence of respondent, where it is sought to bind respondent by the conversation.

(Decided December 12, 1898.)

Appeal from the Third District Court, Salt Lake county, Hon. Ogden Hiles, *Judge.*

Action by plaintiff to establish a trust in his favor in a certain interest held by defendant's decedent at the time of the commencement of the action. From a judgment and decree in favor of plaintiff, defendant Woodman appeals. *Affirmed.*

*William C. Hall, Esq.*, for appellant.

In the case of *Chambers* v. *Emery*, 45 Pacific, 194–195, this court said: "Where, however, a bill in equity seeks to convert a defendant who purchased property and had a legal title thereto, made in his own name by an instrument in writing, into a trustee for the plaintiff, upon the ground that the purchaser was acting as agent and that plaintiff furnished the money, the burden is on the plaintiff to establish by evidence *dehors* such instrument, such facts as will show that the purchaser was acting for the plaintiff and such facts must be inconsistent with the idea that the purchaser acted solely for himself."

"Nothing short of certain, definite, reliable and convincing proof will justify the court in divesting one man of title to lands evidenced by a regular deed and putting in another." *Midmer* v. *Midmer's Executors*, 26 N. J. Equity, 299; *Johnson* v. *Quarles*, 46 Mo. 423.

In *Howland* v. *Blake*, 97 U. S. 624, the court said: "In each case the burden rests upon the moving party, of overcoming the strong presumption arising from the terms of a written instrument." See also 1st Storey, Eq. Jur., Sec. 157; 2d Pomeroy, Eq. Jur., Sec. 1040; *Dalton* v. *Dalton*, 14 Nev. 419; Maxwell Land Grant case, 121 U. S. 365; *Crissman* v. *Crissman*, 23 Mich. 217; *Nichols* v. *McDonald*, 101 Pa. St. 514; *Stockbridge Iron Co.* v. *Hudson Iron Co.*, 107 Mass. 290; *Lench* v. *Lench*, 10 Vesey 511; *Bingham* v. *Thompson*, 4 Nev. 224; *Nevins*

v. *Dunlap*, 33 N. Y. 676; *Deseret National Bank* v. *Burton, et al*, ――――― Utah, ―――――.

*Messrs. Pierce, Critchlow & Barrette*, for respondent.

We are not unaware that counsel has in the record, certain statements as to the insufficiency of the evidence to justify the findings of fact and the conclusions of law, but these are manifestly insufficient to permit this Court to look into or weigh or review the testimony. The assignments made by counsel are merely a statement that the evidence is insufficient, without any attempt to set out the particulars in which it is insufficient. Such specification of particulars is required by our statute. R. S. Sec. 3284.

This provision which is found in the same terms in the former code, 2d C. L., Sec. 3393, is precisely the provision relative to statements on motion for new trial, 2d C. L., Sec. 3395, and has thus been passed upon by this court many times. *Gill* v. *Hecht*, 13 Utah, 5; *Mader* v. *Taylor, et al.*, 15 Utah, 161; *Canal Co.* v. *Edwards*, 9 Utah, 477; *Sterling* v. *Parsons*, 9 Utah, 81; *Bankhead* v. *Railroad Company*, 2 Utah, 511.

General disapproval of findings is not a specification in an exception for insufficiency of evidence. *Treat* v. *Forsyth*, 40 Cal. 488; *Coleman* v. *Gilmore*, 49 Cal. 341.

The attention of the court must be called to the precise point intended by an exception. Otherwise it will not avail. *Scheile* v. *Brokahus*, 80 N. Y. 615.

In any event, this court, even if it looks into the evidence will not attempt to revise the findings of the trial court. *Watson* v. *Mayberry*, 15 Utah, 266.

MINER, J.

On the 13th day of February, 1896, Andrew Howat,

trustee, and Myn Mattschappy, Utah, a corporation, as parties of the first part, and Percy S. Sowers, John G. Logan (now deceased), and the appellant John F. Woodman, as parties of the second part, entered into a contract by which the first parties agreed to sell, and the second parties agreed to purchase the Winnemuck group of mining claims for $30,000, of which $10,000 was to be paid on or before April 12, 1896, and the remainder on or before February 15, 1899. The second parties were to have possession during the interim, with the privilege of mining therein, disposing of the ores, and paying twenty-five per cent. of the sales as rental or royalties. The $10,000 payment falling due April 12, 1896, was paid by appellant Woodman, and the second parties took possession of the mines and have ever since been mining therein.

This action was originally commenced by plaintiff against Logan, who, after its commencement died intestate, and Park, his administrator, was substituted as defendant. In August, 1896, appellant Woodman, having purchased from Logan all his interest in the Winnamuck group of mines, was also made defendant in the action, so that at the time the action was commenced, the title to one-fourth of the property was held by defendant Logan (one-half of this one-fourth interest was claimed by plaintiff.)

During the pendency of the action Logan conveyed the one-fourth interest held in his name to Woodman, who took it with actual notice of plaintiff's claim and interest therein. The interest of the plaintiff to one-eighth of the property, (one-half of Logan's one-fourth interest,) arises out of his claim that he and Logan were co-partners in the transaction which resulted in negotiating, procuring and acquiring the one-fourth interest in the mines by Logan.

This action was brought to establish a trust in favor of the plaintiff Van Pelt, to the extent of an undivided one-eighth interest, named in the contract, the title of which at the time of the commencement of the action was held by Logan, but at the time of the trial was held by appellant Woodman.

The court found from the evidence that plaintiff Van Pelt and Logan entered into an equal contract for the purpose of negotiating a purchase and resale of the mining property in question; that the contract referred to was obtained as a result of the negotiations, time, efforts, and labor expended by plaintiff and Logan and others, and that the one-fourth interest in the mine conveyed to Logan under such contract, was held by him for himself and plaintiff jointly; that Van Pelt was the owner and entitled to a one-eighth interest in the mines, and that appellant Woodman knew of the relation between these parties, with respect to plaintiff's interest in the mines, and that he took from Logan, during his life-time, a deed for a one-fourth interest, charged with the equity in favor of the plaintiff, for a one-half of the one-fourth interest. Appellant Woodman is the only party who appeals. The appeal is made upon both questions of law and fact.

The appellant presents exceptions to the findings of fact and conclusions of law which are objected to because the same are not sufficiently specific, and no attempt is made to set out the particulars wherein the evidence is insufficient to support the findings, conclusions of law, and decree. This is an equity case. It comes to this court upon appeal, upon questions of both law and fact.

In the case of *Whittaker* v. *Ferguson*, 51 Pac. Rep. 981, this court held that under the provisions of Sec. 9, Art. 8 of the Constitution, "In equity cases the appeal

may be on questions of both law and fact; in cases at law the appeal shall be on questions of law alone. Under this provision, it will be observed, an appeal may be taken in equity cases on questions of fact as well as of law. The appellate court therefore, by necessary intendment and implication, has the same jurisdiction and power in equity cases to determine questions of fact as of law, and may go behind the findings and decree of the trial court, consider all the evidence, decide on which side the preponderance thereof is, ascertain whether or not the proof justifies the findings and decree, and enter or direct such findings and decree to be entered as the evidence, in the judgment of the appellate tribunal, may justify. The constitutional provision, however, confers no such jurisdiction and power upon the appellate court in cases at law, for in such cases the appeal is expressly limited to 'questions of law alone,' and hence the jurisdiction and power in law cases are limited to the determination of questions of law." *North Point Cons. Irr. Co.* v. *Utah Canal Cos. et al*, 52 Pac. Rep. 168.

Notwithstanding the rule laid down in these cases, it is necessary that the appellant in equity cases should comply with Secs. 3393, 3402, C. L. U. 1888, (being Secs. 3284, 3296 R. S.) when the grounds of the exception are the insufficiency of the evidence to justify the verdict, decision or findings. The objection must specify the particulars in which such evidence is alleged to be insufficient, so that the attention of the court and counsel may be directed to the particular matter relied upon by the moving party as affecting the questions raised, and the particular errors upon which the party relies should be stated. The statute applies to appeals in equity cases as well as to appeals in cases at law. A disapproval of the findings and conclusions, merely, is not an exception for

insufficiency of the evidence, to justify it.   *Canal Co.* v.
*Edwards,* 9 Utah, 477; *Sterling* v. *Parsons,* 9 Utah, 81;
*Gill* v. *Hecht,* 15 Utah, 161; *Treat* v. *Forsyth,* 40 Cal.
488; *Eddelbuttel* v. *Durrell, et al.,* 55 Cal. 279; *Parker*
v. *Reay,* 76 Cal. 105; *Haight* v. *Taylor,* 112 Cal. 4;
*Smith* v. *Christian,* 47 Cal. 19.

The exceptions relied upon consist of a mere statement
that the evidence is insufficient to justify or support the
findings, conclusions, and the allegations in the complaint;
that the findings and conclusions are not supported by the
evidence, and that the conclusions of law are not the law
of the case, without attempting to set out the particulars
wherein the evidence is insufficient.

But treating the exceptions and assignment of errors as
if made in compliance with the statute, we fail to find the
testimony insufficient to justify the findings and decree.

The testimony tends to show that at times Logan made
his home with Mr. Van Pelt, and was taken care of and
provided for by him when he was in needy circumstances;
that both parties were negotiating with reference to the
joint purchase and sale of the Winnamuck mines; that
Van Pelt assisted in making the sale of the mines, fur-
nished material for maps and introduced Logan to differ-
ent persons; that on several occasions Logan stated in
substance, that Van Pelt had a joint interest with him in
the mines, and that they were equal in everything; that
on another occasion Logan directed his attorney to draw
a declaration in trust to show that Van Pelt was owner of
one-half of his interest in the mine; that on another
occasion Logan stated that Van Pelt was his partner and
owned an equal interest with him; that Van Pelt had
helped him to work up the deal and put him in the posi-
tion he held; that Van Pelt was not known in the deal
because his affairs were so involved that the mine would

be taken from him if it was known; that at another time he promised Van Pelt to have the papers made transferring an interest in the mine to him. He gave one witness to understand that Van Pelt owned a half interest in the mine, but that he was holding it for him in trust. To another witness Logan stated, in substance, that Van Pelt owned an equal interest in the mine with him, and they were equal partners in securing the option, and were equally interested in the mines. To another witness Logan stated that Van Pelt owned a one-eighth interest in the mine; that he saved it by helping him make the deal in purchasing the mine.

Other circumstances are stated tending to show that Van Pelt and Logan were jointly interested in securing the contract for the mines and in selling the same, and that while the title to one-fourth interest in the mine was taken in Logan's name as a result of the purchase and sale, one-half of such interest was owned by Van Pelt.

The appellant called Andrew Howat, as a witness, who testified that he was a representative of the Dutch Company owning the mine sold Logan and others; that at the time the option contract was made Woodman, Sowers, Logan and himself were present, whereupon appellant's counsel asked witness the following question: "I wish you would state to the court just how that transaction was brought about; what was said by the different parties who took part in it?" The question was objected to, and the court sustained plaintiff's objection. The appellant alleges error in the exclusion of the answer.

It appears that the respondent Van Pelt was not present on the occasion referred to, and what was said by Logan or the other parties, concerning Van Pelt, would not bind him in his absence. It also appears that thereafter the witness did testify that he never did hear Logan say at

any time that Van Pelt had any interest in the mine, but that Van Pelt and Logan were present when the first option contract expired, and Van Pelt said he wished an extension granted to Logan as they intended to take an option on a controlling interest in the Mohawk, an adjoining property, if this option went through.

We discover no error in the ruling of the court. Upon the whole record we find no reversible error. The evidence sustains the findings, and the conclusions of law and decree are supported by the findings of fact as well as the evidence given in the case.

The decree of the district court is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.