THE WASATCH IRRIGATION COMPANY et al., Respondents, v. EDWARD FULTON et al., Appellants.[1]

WATERS AND WATER COURSES—INTERFERENCE—PRESCRIPTION—EVI-DENCE—APPEAL—OBJECTIONS—SPECIFICATION.

1. Where pleas of the statute of limitations and rights by prescription were set up as defenses in a suit to restrain defendants from inter-fering with plaintiffs' water rights, evidence of a public meeting held for the purpose of settling disputes over water rights in question, and that plaintiffs had torn out dams and turned down the water diverted by defendants, was competent to show an interruption of possession.

2. Under Revised Statutes, section 3284, providing that when the ex-ception is to the verdict or decision, on the ground of insufficiency of evidence, the objection must specify the particulars in which such evidence is alleged to be insufficient, findings of fact will not be dis-turbed on appeal for insufficiency of evidence, where the objections do not specify in what particulars the evidence is insufficient.[2]

Decided May 1, 1901.

Appeal from District Court, Wasatch County.—*Hon. W. N. Dusenberry,* Judge.

Action by the Wasatch Irrigation Company and others against Edward Fulton and others. From a judgment deter-

---

[1] Rehearing denied June 5, 1901.

[2] Benson v. Anderson, 9 Utah 154; 33 Pac. 691 cited.

mining the water rights of the various parties, some of defendants appeal.

AFFIRMED.

*Messrs. James H. Moyle, W. I. Snyder,* and *Henry Shields* for appellants.

*Messrs. A. C. Hatch* and *S. R. Thurman* for respondents.

PER CURIAM.—This suit was brought by the plaintiffs, including several corporations and a large number of individuals, against the defendants, also including several corporations and numerous individuals, to restrain the defendants from interfering with the rights of the plaintiffs to the water of the Provo river appropriated by them, and to determine the rights of all the parties to this action to the use of water from that stream. At the trial, the court, having made its findings of fact, entered a decree by which the water rights of the various parties, plaintiffs and defendants, were determined, and the amount of water which each one was entitled to use was specified in cubic feet, or fraction of a cubic foot, per second. The plaintiffs, and a majority of the defendants, it appears, were satisfied with the findings of fact and decree, but the remainder of the defendants appealed to this court.

The appellants, among other things, insist that the court erred in admitting certain evidence relating to a meeting held, in the year 1889, between a large number of the people of Kamas and Heber City, who were interested in the use of the water of the river, to discuss the water question, and maintain that all such evidence was hearsay and incompetent. This position, under the circumstances disclosed by the proof, can not be sustained. It does not appear that the plaintiffs contended that the meeting in question was a meeting of the South Kamas Irriga-

tion Company, or of any other corporation, or that the acts done or authorized were those of a corporation, but they maintained that it was a meeting of parties interested in the use of the water of the Provo river, held for the purpose of settling disputes over water rights in that stream, and that, as a result of the meeting, the rights and demands of the plaintiffs were recognized by the defendants, who were present at, and participated in, the meeting. Among the defenses set up in the several answers were pleas of the statute of limitations and rights by prescription. Under such pleadings, any evidence which tended to show an interruption of possession was proper and competent.

The evidence in question was of that character. It showed that at the meeting the demands of the plaintiffs were acquiesced in, and that, as a sequence, water which had been diverted by the defendants was turned down the stream for use by the plaintiffs. This tended to establish an interruption of the continuity of the defendants' possession, and negative any assent by the plaintiffs to the use of the water by the defendants. Such evidence was not only competent, but material, because it tended to show a recognition or acknowledgment of superior rights to the possession and use of the water in the plaintiffs, and thus to defeat the operation of the statute and the procuring of any title by prescription.

Where parties claim title to water by adverse possession and user, any conduct or act which shows a recognition or acknowledgment of superior title in another during such possession and use, or that the possession was not open, peaceable, and continuous, may be shown in evidence, to prevent the acquisition of any right because of such possession and user. The objections to the admission of the evidence in question, therefore, were properly overruled.

So, likewise, and for similar reasons, as to the objections to the testimony relating to the tearing out of dams by the

plaintiffs, and the turning down of water for plaintiffs' use, which had been diverted by the defendants.

The appellants also complain of the findings of fact made by the court, and have specified as error the insufficiency of the evidence to justify certain of them, among which are the eleventh, twelfth, thirteenth, fourteenth, fifteenth, and twenty-second. These specifications of error, however, raise no question of insufficiency of evidence for the consideration of this court, since there is an entire failure to specify the particulars in which the evidence is insufficient to justify the findings complained of, as required by section 3284, Revised Statutes, which, so far as material here, provides: "No particular form of exception is required, but when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient." Here is an express provision of the statute requiring, when the exception, as in the present case, is to the decision upon the grounds of insufficiency of evidence to justify it, a specification of the particulars in which the evidence is claimed to be insufficient; and, while the right of appeal in this state is constitutional (article 8, sec. 9, Const.), still the mode or manner of taking the same is statutory and must conform to the requisites prescribed by statute. Benson v. Anderson, 9 Utah 154, 33 Pac. 691. Under a like statute (section 648, Code Civ. Proc. Cal.), the Supreme Court of California, in passing upon this subject in Coveny v. Hale, 49 Cal. 552, said: "We can not inquire whether the findings are justified by the evidence, because the bill of exceptions does not specify the particulars wherein the evidence is insufficient to sustain them. The question here is not whether the findings support the judgment, but whether the evidence sustains the findings. The findings of fact, are sufficient—first, when the ultimate facts on which the judgment immediately depends are found; second, when

probative facts are found, and the court can declare that the ultimate facts necessarily result from the facts which are found. When an exception is to the decision, on the ground of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient." Thorne v. Hammond, 46 Cal. 531; Kelly v. Mack, 49 Cal. 523; Watson v. Railroad Co., 50 Cal. 523; Coglan v. Beard, 67 Cal. 303, 7 Pac. 738.

Notwithstanding the defective bill of exceptions, however, we have taken occasion to examine, with much care, the evidence, findings of fact, conclusions of law, and the decree, and upon such examination we are clearly of the opinion that there is ample evidence in the record to support the findings and decree. Such being the case, it is deemed unimportant to discuss any other question presented. We find no reversible error in the record. The judgment is affirmed, with costs.