Appeal from Third District

## EGELUND v. FAYTER et ux.

No. 3126.   Decided April 3, 1918.   (172 Pac. 313.)

1. EVIDENCE—PAROL EVIDENCE—EXPLAINING WRITINGS—ADMISSIBIL-
   ITY.  In view of the fact that a deed in the form prescribed by
   Comp. Laws 1907, section 1981, conveys whatever appurtenances
   pertain to the land, where such a deed conveyed land and part of
   the water ''flowing from a certain spring belonging to and used
   on the land of said grantors,'' was silent as to whether there was a
   ditch or right of way for ditch across grantors' land for the spring
   water when the deed was executed, there was a latent ambiguity
   which either party could explain by parol.  (Page 582.)

2. EVIDENCE—EVIDENCE ADMISSIBLE TO CONTROVERT SIMILAR EVIDENCE
   OF OTHER PARTY—PAROL EVIDENCE—EXPLAINING WRITINGS.  In
   such case, after grantee had introduced parol evidence to show the
   existence of a ditch and right of way as appurtenant to his land,
   grantors could show a parol agreement that the right of way was
   for a pipe line and not a ditch.[1]  (Page 582.)

3. NEW TRIAL—AFFIDAVIT—TIME TO FILE.  Where new trial was
   moved for on March 26th, it was within the discretion of the court to
   exclude evidence in support thereof, where the affidavits were not
   filed until April 26th.  (Page 583.)

4. APPEAL AND ERROR—ERROR WAIVED BY FAILURE TO ARGUE.  Alleged
   error in overruling motion for new trial, if not argued, is waived.
   (Page 584.)

5. APPEAL AND ERROR—SCOPE OF REVIEW—PRESERVATION OF EXCEP-
   TIONS.  Rule of Practice 26 (33 Utah, xiii, 97 Pac. x), requiring
   the evidence to be set out if alleged to be insufficient, and the par-
   ticulars of insufficiency to be specified being mandatory, exception,
   reciting, ''The court erred in rendering the following finding of
   fact,'' and setting out the finding, is insufficient, since it fails to
   indicate whether the error was of law or sufficiency of the evidence.[2]
   (Page 584.)

---

[1] *Buford* v. *Lonergan*, 6 Utah, 301, 22 Pac. 164;  *Coulon* v. *Doull*, 4
Utah, 267, 9 Pac. 568;  *Fayter* v. *North*, 30 Utah, 156, 83 Pac. 742,
6 L. R. A. (N. S.) 410.

[2] *Little et al.* v. *Gorman et al.*, 39 Utah, 63, 114 Pac. 321;  *Mader* v.
*Taylor*, 15 Utah, 161, 49 Pac. 255;  *Van Pelt* v. *Park*, 18 Utah, 141, 55
Pac. 381;  *Marks* v. *Taylor*, 23 Utah, 152, 65 Pac. 203;  *Genter* v. *Mining
Co.*, 23 Utah, 165, 64 Pac. 362;  *Wasatch Irrigation Co.* v. *Fulton*, 23
Utah, 466, 65 Pac. 205;  *Lyon* v. *Mauss*, 31 Utah, 283, 87 Pac. 1014;
*Blue Creek Land & Live Stock Co.* v. *Anderson*, 35 Utah, 61, 99 Pac. 444.

Appeal from District Court of Salt Lake County, Third District; *Hon. Harold M. Stephens,* Judge.

Action by Alma Egelund against Louis Fayter and wife.

Judgment for defendants. Plaintiff appeals.

AFFIRMED.

*Mark & Jensen* for appellant.

*Van Cott & Moreton* for respondent.

THURMAN, J.

Plaintiff purchased two and one-half acres of land from the defendants, together with one-fifth interest in the water of a certain spring. The land purchased by plaintiff is the southeast portion of a larger tract owned by the defendants, and the parcel of land not conveyed to plaintiff lies between the land so conveyed and the spring. It therefore appears that, in order to convey the water of the spring to the land purchased by plaintiff, it is necessary to cross defendants' intervening land. Plaintiff alleges in his complaint, and contended at the trial, that at the time the land was conveyed to him by defendants there was a right of way for a ditch across defendant's land from the spring to the land purchased by plaintiff, and that for several years prior to said conveyance a ditch had been maintained and used upon said right of way by defendants to convey the waters of said spring to the land so purchased by plaintiff. Plaintiff therefore insists that the right of way for a ditch across defendant's land is appurtenant to the land he purchased, and that it passed to him as such by conveyance of the land. On the other hand, defendants, while admitting the conveyance of the land and one-fifth of the water of the spring, deny the existence of a right of way for a ditch, or that there was any ditch from the spring to the land, and therefore that no ditch, or right of way for a ditch across defendants' land, passed by said conveyance. It is further alleged in their answer, and was contended at the

trial, that at the time of the conveyance of the land to plaintiff it was orally agreed and understood between the parties that plaintiff was to have a right of way across defendants' land for a pipe line leading from said spring to plaintiff's land, provided said pipe line was laid at a certain depth below the surface. The deed in question was in the form prescribed by the statute, and by virtue of the statute conveyed whatever appurtenances pertained to the land. Comp. Laws Utah 1907, section 1981. The action is to quiet title and for injunctive relief. The case was tried to the court without a jury. Judgment was rendered for defendants. Plaintiff appeals.

The sole question of fact involved is as to whether or not there was a ditch or right of way for a ditch leading from the spring across defendants' land to plaintiff's land at the time he purchased the land. If there was, it would pass to plaintiff, by the conveyance, as appurtenant; if there was not, it would not so pass.

The errors complained of are that the court erred in admitting certain evidence, in refusing to admit a certain affidavit on application for a new trial, in denying plaintiff's motion for a new trial, and in the making of certain findings.

In the course of the trial, respondents offered in evidence certain testimony as to the parol agreement and understanding between the parties when the deed was executed concerning the right of way for a pipe line as alleged in defendants' answer. Appellant objected to said testimony on the grounds that it tended to contradict or vary the terms of the deed. The clause in the deed relied on by appellant, after describing the land, reads as follows:

"Together with one-fifth of the water flowing from a certain spring belonging to, and used on the land of said grantors, in the southeast quarter of section 33, township and range aforesaid."

The testimony was admitted; exception by the plaintiff.

It will be remembered the real question in dispute was, not whether the deed passed the appurtenances to the land, for as a matter of law it did; but was there a ditch or right of way for a ditch across defendants' land for the spring water in

question when the deed was executed by defendants? As to this question the deed was silent. There was a latent ambiguity which either party had the right to explain by parol testimony if such was available. Indeed, the appellant found it necessary, before this testimony of defendants was offered, to introduce parol testimony himself, tending to prove there was and had been a ditch for many years leading from the spring along the alleged right of way to appellant's land.

If the clause in the deed, which we have quoted, had read "used on the land hereby granted," instead of "used on the land of said grantors," as the same appears, the appellant's objection would have been invincible, for it otherwise appears there was no other way to convey the water to appellant's land except across the land of defendants. But, as will be seen, it cannot be inferred, from the clause in the deed which we have quoted, that the spring water was ever used on appellant's land in any manner or form. After appellant had introduced parol evidence tending to prove the existence of the ditch and right of way as appurtenant to his land, the respondents certainly had the right by the same character of evidence to controvert the testimony so introduced by appellant. *McPhee v. Young*, 13 Colo. 80, 21 Pac. 1014–1017. Where the parol evidence offered does not tend to vary or contradict the terms of the writing, but merely to explain a latent ambiguity, we know of no respectable authority that holds it to be inadmissible. In support of this proposition, respondent cites *Buford v. Lonergan*, 6 Utah, 301, 22 Pac. 164; *Bagley v. Rose Hill Sugar Co.*, 111 La. 249, 35 South. 539; *Coulam v. Doull*, 4 Utah, 267, 9 Pac. 568; *Fayter v. North*, 30 Utah, 156, 83 Pac. 742, 6 L. R. A. (N. S.) 410; 9 Ency. of Evid. 492, 493; Abbott's Trial Brief, 163. See, also, 10 R. C. L. 1019, and 17 Cyc. 638.

In support of his contention, appellant cites Jones on Evid. section 413 (416), p. 67, also same volume, section 486 (497), p. 367. The authorities cited by appellant are not in point for the reason there was no attempt by the testimony in question to vary or contradict the terms of the deed.

But appellant also insists that testimony relating to an agreement for a pipe line and right of way therefor did not tend to controvert evidence relating to the existence of a right of way for a ditch. We think otherwise. We are of the opinion that an agreement for a pipe line right of way across defendants' land to convey the water of the spring, if such agreement was made, tended to controvert the existence of the ditch as well as the existence of the right of way for a ditch, especially in view of the testimony in this connection, relating to this assignment, which shows that appellant at the time the deed was executed asked the respondents how he was to get the water to his land. This testimony certainly implies that at the time there was no existing means of conveying the water. The testimony was admissible as against both grounds of objection. The foregoing remarks apply to all the assignments of error concerning the admission of testimony relating to the alleged parol agreement.

Appellant also contends that the court erred in rejecting the evidence of one J. W. Goodwin in support of the appellant's motion for a new trial. The motion for a new trial was filed and served on defendants March 26, 1917. The affidavit was not served on respondents until April 26, 1917, at which time they reserved the right to object to the same being filed. Appellant and his counsel both filed affidavits alleging want of knowledge on their part as to what Goodwin knew about the case, in time to file the affidavits within five days, as provided by the statute. The court rejected the affidavit and overruled appellant's motion for a new trial.

Appellant assigns the ruling of the court as error. The affidavit was not served and filed in time. Whether or not this was the reason for rejecting it does not appear. It was certainly a matter within the discretion of the court. We cannot determine from the record that there was any abuse of discretion in the matter complained of. In support of his contention that it was an abuse of discretion to reject the evidence, appellant cites *Smith* v. *Whittier*, 95 Cal. 279, 30 Pac. 531, in which the appellate court sustained the ruling of the

trial court permitting an affidavit to be filed after the time
allowed by the statute had expired.

In that case the appellate court simply affirmed the ruling
of the trial court, which is altogether different from re-
versing a ruling on account of abuse of discretion. We
find no error in the court in rejecting the evidence, and,
as to the alleged error in overruling the motion for a new trial,
the same was not argued, and is therefore waived.

The only remaining exceptions material to be considered re-
late to the findings of the court. The form of the excep-
tion is as follows: ''The court erred in rendering the fol-
lowing finding of fact:'' then quoting verbatim the find-
ing. The same form is used as to two other findings of the
court, all of such findings relating to facts deducible from
evidence admitted in the case and upon which the court de-
termined the merits of the cause.

There is nothing in either of these assignments to suggest
or indicate whether appellant has assigned an error of law or
sufficiency of the evidence. It is rendered still more obscure
and doubtful by failing entirely to refer to any page or pages
of either the transcript or abstract where the ruling and ex-
ceptions may be found. In other words, a total failure in
every respect to comply with the requirements of rule 26 of
the practice in this court (33 Utah, xiii, 97 Pac. x) which has
been in force ever since November 1, 1905. That portion of
the rule pertinent here reads as follows:

''When the alleged error is upon the ground of the insuffi-
ciency of the evidence to sustain or justify the verdict or de-
cision, the particulars wherein the evidence is so insufficient
shall be specified. The said assignments, or so much thereof
relied upon, shall be set forth in the printed abstract, together
with references to the pages in the transcript and abstract
where the rulings and exceptions pertaining thereto appear.''

Prior to the adoption of rule 26, the practice in this court
was governed entirely by statutory provisions which were very
specific in requiring a specification of particulars in which the
evidence is insufficient, where that ground was relied on.
These statutes were enacted at a time anterior to 1888 and

have existed in one form or another in all the revisions and compilations of the laws since that time. Comp. Laws Utah 1888, vol. 2, p. 291, sections 3393 and 3402, at pages 296, 297; Revised Stat. Utah 1898, p. 726, sections 3284 and 3296, at page 730; Comp. Laws Utah 1907, section 3284, as amended in Sess. Laws 1903, at page 33. The above sections relating to specification of particulars in which evidence is insufficient, required in motions for new trial, were eliminated by amendment in Sess. Laws of 1899, p. 82. Since then it has not been necessary to specify particulars as to insufficiency of the evidence in motions for a new trial, but section 3284, Comp. Laws Utah 1907, has been retained and is still the law. This court, however, in a recent well-considered case has held that rule 26 is a substantial compliance with section 3284 last above referred to, notwithstanding it permits the assignment of errors to be filed within five days after the appeal is taken, instead of requiring the specification of particulars in the bill of exceptions. *Little et al.* v. *Gorman et al.*, 39 Utah, 63, 114 Pac. 321. The provisions of the statutes above referred to have been under review by this court in numerous cases, and at all times have been held mandatory and imperative. *Mader* v. *Taylor*, 15 Utah, 161, 49 Pac. 255; *Van Pelt* v. *Park*, 18 Utah, 141, 55 Pac. 381; *Marks* v. *Taylor*, 23 Utah, 152, 65 Pac. 203; *Genter* v. *Mining Co.*, 23 Utah, 165, 64 Pac. 362; *Wasatch Irrigation Co.* v. *Fulton*, 23 Utah, 466, 65 Pac. 205; *Lyons* v. *Mauss*, 31 Utah, 283, 87 Pac. 1014; and *Blue Creek Land & Live Stock Co.* v. *Anderson*, 35 Utah, 61, 99 Pac. 444. The last two cases cited hold that the provisions of rule 26 relating to this question are mandatory, while the earlier cases cited construe the statutes, referred to, to the same effect.

Appellant, however, insists that, this being an equity case in which the court has the right and power to review the evidence and determine the case on the facts, rule 26 should not be enforced. That very question was determined adversely to appellant's contention in *Van Pelt* v. *Park, supra,* and, as we know of no reason why that case should be overruled, it is our duty to consider it as binding.

For the reasons above stated, we do not feel authorized to

review the evidence for the purpose of determining whether it is or is not sufficient to sustain the findings. The respondents insist, as they have the right to do, that we have no power to review the evidence for such purpose under the assignment of errors filed by appellant. In view of what appears to be the uniform holdings of this court, we are bound to concur in the contention of respondents.

For the reasons above stated, the judgment of the trial court is affirmed.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.