PINGREE NAT. BANK OF OGDEN v. WEBER COUNTY
· et al.

No. 3314.   Decided July 8, 1919.  (183 Pac. 334.)   On Application
          for Rehearing.  August 27, 1919.

1.  TAXATION—ASSESSMENT—CONCLUSIVENESS—REVIEW.   The valu-
    ation of bank shares by an assessor and board of equalization,
    in determining tax the shares should bear, is conclusive in
    absence of fraud.[1]  (Page 602.)

2.  APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE.   Error in ad-
    mitting evidence is harmless, where court disregarded it in
    entering judgment.  (Page 602.)

3.  TAXATION—RECOVERING UNLAWFUL TAX PAID—COMPLAINT.   A
    complaint alleging that excessive .valuation of bank shares
    resulted in an ʼexorbitant and unlawful tax, etc., authorizes
    admission of evidence that ,a deduction of real estate values
    from the total value of the shares was not made in manner
    required by Comp. Laws 1917, section 5869.  (Page 602.)

4.  TAXATION—BANK SHARES—DEDUCTING REAL ESTATE VALUE.
    Comp. Laws 1917, section. 5869, relating to assessment of bank
    shares, is not complied with by deducting assessed value of
    bank's realty from total value of shares, but amount to be
    deducted is a sum bearing same relation to total value of
    shares as assessed value of realty bears to book value of capi-
    tal stock, surplus, and undivided profits.  (Page 604.)

5.  APPEAL AND ERROR—DISPOSITION OF CASE—REMANDING.   Where
    the record in an action at law to recover taxes illegally ex-
    acted is indefinite as to whether the tax was properly calcu-
    lated, the case will be remanded for purpose of taking further
    evidence.  (Page 604.)

6.  TAXATION—RECOVERY OF TAX PAID—ASSESSMENT—CONCLUSIVE-
    NESS.   An assessment of bank shares for taxation by a county
    assessor and board ,of equalization is not conclusive where they
    misapplied the statutory method of calculating taxes, but is
    subject to judicial revision in action to recover taxes under
    Comp. Laws 1917, section 6094.  (Page 605.)

### On Application for Rehearing.

7.  APPEAL AND ERROR—RESERVING GROUNDS FOR REVIEW—ASSIGN-
    MENTS OF ERROR.   The alleged unconstitutionality of a statute
    cannot be considered upon a rehearing application, where the

[1] Continental Nat. Bank v. Naylor, 54 Utah 49, 179 Pac. 67.

point was not raised below nor assigned as error on appeal.[2] (Page 606.)

Appeal from District Court, Second District, Weber County; *A. W. Agee,* Judge.

Action by the Pingree National Bank of Ogden, Utah, against Weber County and Joseph E. Storey. Judgment for plaintiff against the first-named defendant, and it appeals and plaintiff assigns cross-errors.

REVERSED and REMANDED with directions.

*C. L. Farr* and *J. N. Kimball,* both of Ogden, for appellant.

*H. H. Henderson* of Ogden, for respondent.

THURMAN, J.

The plaintiff is a national bank doing business at Ogden, Weber county, Utah. On the first day of January, 1916, its capital stock amounted to $175,000, divided among 1,750 shareholders. Its surplus amounted to $75,000 and its undivided profits to $644.21. Its total assets, as shown by a verified statement furnished the county assessor by the plaintiff, amounted to the sum of $250,644.21. The capital stock included the real estate used by the plaintiff for banking purposes in Weber county. The assessor, for the purpose of taxation in 1916, determined the market value of all of said property to be the sum of $525,000. The real estate was valued at $66,760, which deducted from the value of all the property left a balance of $458,240. From this sum a further deduction was made of ten percent., leaving a final balance of $412,416, at which sum the shares were assessed.

It is, in substance, alleged in the complaint that said as-

---

[2] *Lyon* v. *Mauss,* 31 Utah, 283, 87 Pac. 1014; *Egelund* v. *Fayter,* 51 Utah, 579, 172 Pac. 313; *Holt* v. *Great Eastern Casualty Co.,* 53 Utah, 543, 173 Pac. 1168.

sessor wrongfully, fraudulently, unlawfully, systematically, and intentionally assessed the value of said shares at the sum last named for the purpose of compelling plaintiff to pay more than its just share of the taxes, and that said property was assessed at a higher valuation than other property of the same kind assessed by said assessor. It is also alleged that plaintiff appeared before the county board of equalization and applied for a reduction of said taxes and pointed out to the board that the assessor had assessed said shares greatly in excess of the value of plaintiff's assets and for more than their full cash value; that said board fraudulently, wrongfully, arbitrarily, and capriciously refused to reduce the valuation. The complaint further alleges that plaintiff paid to the defendant Storey as county treasurer all of said taxes, including the assessment on real estate, the total sum of $9,593.18, and filed a written protest with said county treasurer protesting the sum of $8,298,30. included in the above tax. It is also alleged. that the statute under which the shares were assessed is unconstitutional and void; that it violates sections 2, 3, and 10 of article 13 of the Constitution of Utah, because said assessment was made with the intention and purpose of compelling plaintiff, in behalf of its shareholders, to pay an excessive and disproportionate amount of the taxes assessed; that said tax so assessed is excessive, discriminative, unequal, and nonuniform and in violation of the Constitution and laws of the United States. Various other allegations are made charging fraud and discrimination, but the foregoing sufficiently illustrates the nature of plaintiff's claim, for which it prayed judgment in the sum of $8,298.30.

The defendants admit substantially all the allegations of the complaint, except such as charge excessive valuation, intentional wrongdoing, and fraud.

The case was tried to a jury. The action against the treasurer was dismissed, and under direction of the court a verdict was rendered and judgment entered against the county in the sum of $613.60, from which judgment the county appeals and assigns many errors. It insists that plaintiff was not entitled to judgment in any sum whatsoever. Respondent

assigns cross-errors, by which it seeks judgment for a greater amount.

At the trial, evidence was admitted for respondent, over appellant's objection, to prove the market value of the shares. Appellant insists that such evidence was inadmissible under the pleadings in the absence of any proof of fraud. In our judgment, the contention of appellant should have been sustained, for the reason that unless fraud in making the assessment was established the action of the assessor and board of equalization as to this matter, which was within their discretion, was final and conclusive. *Continental Nat. Bank* v. *Naylor*, 54 Utah, 49, 179 Pac. 67, and cases cited at page 76. The error, however, was harmless, inasmuch as the court found that no fraud was proven and disregarded the testimony in entering its judgment.

Certain portions of the assessment book were admitted in evidence over appellant's objection. The evidence so admitted tended to show the method adopted by the assessor in determining the value at which the shares should be assessed. It showed that the market value of the shares was fixed at $525,000. From this entire value was deducted the value of the real estate, $66,760, obtaining as a result $458,240. From this sum a further deduction of ten per cent. was made, leaving as hereinbefore stated, a final balance of $412,416, at which the shares were assessed. The evidence was offered by respondent for the purpose of showing that deducting the value of the real estate from the entire value of the shares is not a compliance with the rules laid down in section 5869, Comp. Laws Utah 1917. Appellant objected to the evidence mainly on the ground that no such objection to the assessment was made or relied on in the complaint. It is true that the specific point is not presented in the complaint, but it does appear therefrom in more ways than one that the plaintiff complains of excessive valuation by which the shares of the stockholders were assessed too high. In other words, it complains that the method adopted by the assessor resulted in requiring respondent to pay a tax which was exorbitant and unlawful. The complaint does

not .call particular attention to the fact that the statute above referred to was disregarded by the assessor in determining the value at which the shares should be assessed. In the absence of a special demurrer, however, we think the evidence was within the issues made by the pleadings.

We cannot ascertain from the record before us whether or not the assessor, in determining the value at which the shares should be assessed, followed the rule provided in section 5869, supra. Whether the assessment made was prejudicial to the plaintiff depends entirely upon the question as to whether the sum $66,760 represents the amount contemplated by said section to be deducted on account of the real estate or only the value at which the real estate was finally assessed. If the former, respondent could not have been prejudiced. If we deduct from the full cash value of the shares the amount contemplated by the statute, the result obtained must of necessity represent the value of the shares to be assessed, less the further deduction of ten per cent. If from this amount we deduct the ten per cent., we obtain the value at which the shares should be assessed. This proposition is incontrovertible. Therefore we conclude, if the $66,760 represents the correct amount to be deducted on account of the real estate as provided by the section of the statute referred to, and that sum was deducted from the full cash value of the shares, the plaintiff has no grounds of complaint and the court should have found for the defendant no cause of action. If, on the other hand, the $66,760 appearing in the record represents only the assessed value of the real estate, or the value upon which the tax was computed, another and different result would be obtained. This court had occasion to apply the rule prescribed by said section in *Continental National Bank* v. *Naylor,* supra. It is therefore unnecessary to do more than make a concrete application of it in the present case. The formula is, as the assessed value of the real estate is to the book value of the capital stock, surplus, and undivided profits combined, so is $x$ to the entire value of the shares of stock. In this case, as $66,760 is to $250,644.21, so is $x$ to $525,000. $66,760 multiplied by $525,000 and the product divided by

$250,644.21 gives the amount that should be deducted from the entire value, $525,000, on account of the real estate. The result is $139,835.61. This deducted from $525,000 leaves a balance of $385,164.39. Ten per cent. of this sum deducted from it leaves a balance of $346,647.96, the value upon which the tax should have been computed, instead of the $412,416 fixed by the assessor. The difference between these amounts, or $65,768.70, represents the excess valuation upon which the assessor computed the tax. The rate of taxation being 20.1 mills, the overassessment amounted to $1,321.93. The plaintiff having paid the same December 4, 1916, would be entitled to judgment therefor with interest from the date last named.

The trial court recognized the true rule of computation and endeavored to apply it in arriving at a correct conclusion. By miscalculation, however, it found the overassessment to be less than one-half the amount found by us in the above computation.

The record in this case is uncertain and indefinite as to whether the $66,760 represents the correct amount to be deducted on account of the real estate as provided        4, 5 by the statute, or the value at which it was assessed and upon which the tax was computed. We have pointed out in either case what the judgment should be, and have concluded to remand the case to the district court of Weber county for further proceedings. It is not usual to remand cases at law for the purpose of taking further evidence, but in a case such as this, where it is merely a question of an amount determinable by a positive rule of law, we are of the opinion we have the power to direct that the proper amount be ascertained. To undertake to enter judgment on the record as it now stands would possibly result in grave injustice to one or the other of the parties litigant.

Before concluding this opinion, we deem it advisable to further elaborate one question presented by the record. If we understand the position of appellant, it contends that the court, under the pleadings, without proof of fraud, had no power to hear and determine the cause for the reason that the judgment of the assessor and county board of equalization

was final and conclusive. We are not prepared to dispute this contention as to matters clearly within the discretion of those officers. We have already suggested in this opinion that the valuation of property for taxation purposes was within their discretion, and in the absence of evidence    6 tending to show fraud the objection to evidence relating to value should have ben sustained. But, as suggested by the trial court in this case, the question here presented was not a matter of discretion at all. It was a matter of statutory requirement susceptible of ascertainment to a mathematical certainty. It was a mistake on the part of the assessor in the application of a plain provision of the statute. The mistake was repeated by the county board of equalization. The record on its face discloses the mistake, if the valuation of the real estate as given means the value at which it was assessed. It would be a reflection upon the judiciary of the state and its efficiency in the administration of justice if we were compelled to hold that the courts are powerless to correct a palpable error about which there can be no reasonable difference of opinion.

This action was brought in pursuance of Comp. Laws Utah 1917, section 6094, and if the tax is found to be unlawful in matters as to which the assessing officer has no discretion, the party aggrieved is entitled to the remedy provided in that section.

For the reasons heretofore stated, the judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed. Each party to pay its own costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.

ON APPLICATION FOR REHEARING.

THURMAN, J.

On application for a rehearing appellant contends that

section 5869, Comp. Laws Utah 1917 (section 2509, Comp. Laws 1907) is unconstitutional. This section prescribes the method of computing the amount to be deducted from the value of bank shares on account of real estate separately assessed. It is vigorously contended that the method adopted violates those provisions of the Constitution requiring that taxation be uniform and in proportion to the value of the property.

The question is a serious one, and if seasonably presented would be entitled to serious consideration. Respondent, replying to the application for rehearing, makes the point that the question was not raised in the court below, neither was it assigned as error on appeal. An inflexible rule of this court requires that every proposition relied on as ground for reversing a judgment must be assigned as error. It is one of our most important rules of practice and its importance has been emphasized in numerous decisions of this court. *Lyon* v. *Mauss*, 31 Utah, 283, 87 Pac. 1014; *Egelund* v. *Fayter*, 51 Utah, 579, 172 Pac. 313; *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168.

For the reasons stated, the question presented cannot be considered on this appeal.

Application for rehearing denied.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.