BOLEY et al. v. BUTTERFIELD.

No. 3519.   Decided December 9, 1920.   (194 Pac. 128.)

1.  LICENSES—INSTRUMENT CONSTRUED AS GRAZING PERMIT, AND NOT LEASE. An instrument, whereby plaintiffs agreed to "lease a grazing permit" to defendant for defendant's sheep, was not a lease of the land itself, but simply a permit to graze certain sheep on the land.

2.  LICENSES—GRAZING PERMIT NOT NECESSARILY EXCLUSIVE.   A grant of the right to graze sheep on lands of the grantor is not, as a matter of law, an exclusive permit, but may be a right in common with others, or an exclusive right according to the conditions existing at the time and the circumstances attending the granting of the permit.

3.  PLEADING—REPLY THAT GRAZING PERMIT SUED ON WAS NOT EXCLUSIVE HELD PROPER. Where, in an action for the agreed consideration under a grazing permit, defendant alleged that the lands covered by the permit were occupied by other parties, and defendant was thereby prevented from occupying them, a reply, alleging defendant's knowledge of the granting of a permit to other parties, and that the permit to defendant was subject to such prior permit, was proper under Comp. Laws 1917, § 6590, stating when there may be a reply.

4.  PLEADING—DEFENDANT ENTITLED TO DISPROVE ALLEGATIONS OF REPLY WITHOUT PLEADING THERETO. Defendant, without pleading to the reply, has a right to controvert it and circumvent its effect by any competent and material evidence within his ability to furnish.

5.  APPEAL AND ERROR—DENIAL OF MOTION TO STRIKE REPLY NOT PREJUDICIAL IN VIEW OF DEFENDANT'S PROOF. Defendant was not prejudiced by the denial of his motion to strike plaintiff's reply, where he was permitted to prove every fact that he

could have proved if the same matter had been pleaded in the complaint.

6. EVIDENCE—GRAZING PERMIT HELD AMBIGUOUS AS TO EXCLUSIVENESS SO AS TO AUTHORIZE PAROL EVIDENCE. Where an instrument whereby plaintiffs leased a grazing permit to defendant for a band of sheep contained a latent ambiguity as to whether the permit was exclusive or in common with other parties, evidence as to the understanding of the parties at the time it was executed was admissible, as it did not vary or alter the meaning, but tended to explain the sense in which the terms of the instrument were understood.[1]

Appeal from District Court, Third District, Salt Lake County; *Wilson McCarthy*, Judge.

Action by W. C. Boley and another, doing business as Boley & Stevens, against T. A. Butterfield. Judgment for plaintiffs, and defendant appeals.

AFFIRMED.

*Adam Duncan*, of Salt Lake City, for appellant.

*Martineau & Evans*, of Salt Lake City, for respondents.

THURMAN, J.

Plaintiffs' complaint in substance alleges that on the 24th day of May, 1918, plaintiffs and defendant entered into a certain agreement in writing termed "a grazing lease," whereby plaintiffs agreed to lease a grazing permit upon certain land described in the lease to defendant for a band of sheep belonging to and in possession of defendant, for which lease defendant agreed to pay the sum of $1,500; that said lease was delivered to defendant, who entered upon the land

---

[1] *Cain* v. *Hagenbarth*, 37 Utah, 78, 79, 106 Pac. 945; *Ernst* v. *Allen*, 55 Utah 272, 184 Pac. 831; *Brown* v. *Markland*, 16 Utah, 360, 52 Pac. 597, 67 Am. St. Rep. 629; *Egelund* v. *Fayter*, 51 Utah, 582, 172 Pac. 313.

with his sheep, and had the benefit thereof during the period covered by the lease; that the sum of $750 was paid thereon by defendant at the time of the execution of the lease and the balance of $750 should have been paid on or before the 1st day of September, 1918; but the same was not paid, and plaintiffs demand judgment for said amount and interest thereon.

The lease or instrument referred to is made part of the complaint, and reads as follows:

"Grazing Lease.

"This agreement made and entered into this 24th day of May, 1918, by and between H. H. Stevens of Salt Lake City, Utah, and W. C. Boley of Am. Fork, Utah, parties of the first part, and T. A. Butterfield of Riverton, Utah, party of the second part, as follows: Witnesseth: That the parties of the first part hereby agree to lease a grazing permit to the party of the second part for a band of sheep belonging to and now in the possession of the party of the second part which band shall not be increased in numbers during the life of this lease which is written to cover the summer grazing period of the year 1918, the lease to be in force, in and upon the lands known as Kaysville Land & Live Stock Co. grazing land located in the Hardscrabble district, north and east of Salt Lake City, Utah.

"The consideration of the above lease is that the party of the second part hereby agrees as follows: That the sum of fifteen hundred dollars ($1,500.00) for the season, of which seven hundred and fifty dollars is in hand paid and receipt acknowledged by the parties of the first part, and seven hundred and fifty dollars shall be paid on or before the first day of September, 1918.

"In witness whereof the parties hereunto have this day affixed their signatures unto and accepted all of the conditions and obligations of the above written lease this 24th day of May 1918."

Defendant in his answer admits the execution of the lease, and alleges that in consideration of the use and possession of said land during the grazing season of 1918, which he alleges was from June 1st to November 1st of said year, he agreed to pay plaintiffs the sum of $1,500; that at the time the lease was executed he paid plaintiffs thereon the sum of $750; that the balance was to have been paid on September 1st the same year, but that he was not paid the same.

Defendant denies the remaining allegations of the complaint, and alleges in substance that the reason he has not

paid the balance of the amount stipulated is because when he entered upon the land with his sheep he found it already occupied by other parties, who were grazing 4,300 head of sheep thereon; that plaintiffs, prior to the execution of the lease to defendant, had leased the same lands to said other parties for the purpose of grazing their sheep thereon during the same season; that for this reason defendant alleges he was prevented from occupying said land, except that he obtained a scrambling possession of a small portion thereof, amounting to about two sections, which he occupied with his sheep from about June 9th to August 15th; that for the aforesaid reasons he was compelled to take his sheep from said land and rent land elsewhere at considerable expense during the remainder of the season.

In addition to the above matters alleged as a defense to the action, defendant counterclaims upon substantially the same facts, and alleges that he was damaged in the sum of $1,250: (1) Because the $750 payment already made was $450 more than the reasonable rental value of the land he was able to occupy and use; and (2) because he was compelled to rent from other parties grazing privileges during the same season at a cost of $800.

Plaintiffs replied to the answer and counterclaim, and among other things alleged, in substance, that prior to the execution of the lease to defendant they had executed a grazing permit upon said lands to other parties to graze 4,300 head of sheep, and that said parties had that number of sheep upon the land; that said grazing permit to said other parties was known to defendant at the time the lease sued upon was executed, and that plaintiffs had explictly informed defendant of that fact, and that the lease to him was subject to such prior permit; also that he (defendant) could not have an exclusive grazing permit upon said land. Other matters are alleged in the reply relating to the same subject-matter, but the foregoing is sufficient in order to determine the issues involved.

Defendant moved to strike from the reply the affirmative matter above alleged, upon the ground that such matter is

inconsistent with the complaint; that the complaint pleads an express contract in writing, and sets out said contract in full, without any modification, and pleads a breach thereof, whereas the matters sought to be stricken out materially modify said contract and materially alter its terms. As further grounds for his motion, defendant alleges that if plaintiffs are permitted to set up said matter in their reply, and the same is permitted to stand, defendant will be precluded from pleading a defense thereto, he having had no opportunity to plead the same.

The motion to strike was denied. The case was tried to the court without a jury. Plaintiffs introduced their evidence in chief and rested. Defendant introduced evidence tending to prove his answer and counterclaim, including the fact that other parties were grazing sheep upon the land under a prior lease or permit from the plaintiffs, after which plaintiffs, over defendant's objection, were permitted to introduce testimony tending to prove the matters alleged in their reply. The court found the issues in favor of the plaintiffs and judgment was accordingly entered.

Defendant, by this appeal, seeks to reverse the judgment, and assigns as error the ruling of the court denying defendant's motion to strike the portions of the reply referred to, and also assigns as error the admission of testimony in support of the reply. Other errors are assigned, but they are not controlling or of sufficient importance to justify special mention at this stage of the opinion.

The principal questions involved is whether or not the instrument upon which the action is brought conferred upon defendant an exclusive right to graze his sheep upon the land during the season covered by the lease. If it can be determined from the language of the instrument itself, without resort to other evidence, that the right conveyed was an exclusive right, it follows as an indisputable corollary that the court erred in denying defendant's motion to strike, and also erred in admitting the testimony to which objection was made.

The controlling words of the instrument are:

"That the parties of the first part *hereby agree to lease a graz-ing permit* to the party of the second part for a band of sheep be-longing to and now in the possession of the party of the second part, which band shall not be increased in numbers during the life of this lease, which is written to cover the summer grazing period of the year 1918, the lease to be in force in and upon the lands known as Kaysville Land & Live Stock Company grazing land located in the Hardscrabble district, north and east of Salt Lake City, Utah." (Italics ours.)

The words italicized indicate the nature of the right con-veyed. It was simply a permit to graze certain sheep upon the land. It was not a lease of the land itself. As to whether or not the permit granted was exclusive or nonexclusive, the instrument is ambiguous. It is not self-explanatory, espe-cially in view of the fact that different bands of sheep be-longing to different owners may graze within the same ter-ritorial limits. The court cannot say as a matter of law that a grazing permit of certain lands means an          1, 2 exclusive permit. It clearly may mean a right in com-mon with others, or it may mean an exclusive right, accord-ing to the conditions existing at the time and the circum-stances attending the granting of the permit.

In view of the ambiguity in the instrument itself as to whether it meant an exclusive permit or a permit in common with others, in the opinion of the writer it would have been better pleading on the part of plaintiffs if in framing their complaint they had themselves stated the meaning of the ambiguous language according to their conception of its meaning. It does not follow, however, that because plain-tiff's complaint does not conform to the writer's conception of a perfect pleading that therefore the court erred in deny-ing the defendant's motion to strike the reply. The question should be viewed from another angle before arriving at such a conclusion. The plaintiffs may have been satisfied in their own minds at the time they drew the complaint that both parties, plaintiffs and defendant, understood the agreement alike, and that as to that there would be no dispute. In such circumstances they might well conceive that all that was necessary on their part was to declare on the instru-

ment as written, allege failure to pay, and demand          **3**
judgment for the balance due.  If such was the case,
it was not until defendant interposed his answer and coun-
terclaim that plaintiffs became aware that defendant relied
on an exclusive permit.  The answer and counterclaim of
defendant, if his construction of the instrument was correct,
not only constituted a complete defense to the action, but
entitled him to an affirmative judgment.  The situation of
the pleadings, in the light of the actual facts, demanded of
plaintiffs a reply to the new matter alleged by defendant.
It was a typical case for reply as we read the Code.  Comp.
Laws Utah, 1917, § 6590.  The only way that plaintiffs could
meet the new matter set up in both the answer and counter-
claim was by way of confession and avoidance, as the law
provides.  The statute is plain and unambiguous.  It needs
no interpretation.

The defendant's contention is that if the matter pleaded
in plaintiffs' reply, to which objection was made, was proper
at all, it ought to have been pleaded in the complaint; other-
wise defendant had no opportunity to answer it.  This con-
tention is untenable, for the reason that defendant, without
pleading to the reply, had the undoubted right to controvert
it and circumvent its effect by any competent and material
evidence within his ability to furnish.  The reply of plain-
tiffs put the defendant in possession of every fact upon which
plaintiffs relied just the same as if the same facts had
been pleaded in the complaint.  We do not wish, how-          **4, 5**
ever, to be understood as holding that this is, in all
cases, a proper test of when a reply should be sustained, but
in the present case we are clearly of the opinion that, while
the pleading would have been more artistic if plaintiffs' con-
struction of the instrument had been pleaded in the com-
plaint, it was not error to permit the same to be pleaded in
reply.  Defendant was permitted to prove every fact within
the range of his ability that he could have proven if the
same matter had been pleaded in the complaint.  He was in
no manner prejudiced by the order of the court denying his

motion to strike, and therefore should not prevail as to this assignment of error.

But defendant also insists that the court erred in admitting evidence on the part of plaintiffs in support of their reply. One of the contentions is that parol evidence is inadmissible to vary the terms of a written instrument. It is assumed by defendant that the instrument in question is unambiguous and self-explanatory. If that were true, defendant's contention would be indisputable, but we have already determined that there is a latent ambiguity in the instrument as to whether or not it conveyed an exclusive permit to defendant or a right in common with other parties. This ambiguity opened the door for the admission of evidence as to the understanding of the parties at the time the instrument was executed. The evidence objected to and admitted was calculated to shed light upon the question as to what the parties meant by the terms used in the instrument. For that purpose the evidence was clearly admissible. It in no manner varied or altered the meaning of the terms used in the lease, but tended to explain the sense in which they must have been understood by the parties when the lease was executed and delivered.

That extrinsic evidence may be resorted to to explain the meaning of a written instrument in such cases is elementary doctrine, and is recognized by this court in numerous decisions, some of which respondents have cited in their brief. *Cain* v. *Hagenbarth,* 37 Utah, 78-79, 106 Pac. 945; *Ernst* v. *Allen,* 55 Utah, 272, 184 Pac. at page 831; *Brown* v. *Markland,* 16 Utah, 360, 52 Pac. 597, 67 Am. St. Rep. 629. See, also, *Egelund* v. *Fayter,* 51 Utah, at page 582, 172 Pac. 313, where numerous other cases are collated. There was no error in admitting the testimony to which objections were made.

There is no question raised as to the sufficiency of the evidence to support the findings in favor of the plaintiffs. Such questions as we have not considered in detail are unimportant.

The judgment of the trial court is affirmed, at appellants' costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.