## KENNEDY et ux. v. GRIFFITH et al.

No. 6084.   Decided November 17, 1939.   (95 P. 2d 752.)
Rehearing  Denied  March  6,  1940.

*David J. Wilson,* of Ogden, for appellants.
*W. Lee Skanchy* and *J. Quill Nebeker,* both of Ogden, for respondents.

WOLFE, Justice.

This case is before us on appeal from a judgment of the District Court for Weber County in favor of respondents

on a cause of action arising out of their obligation to pay a judgment on a note for which the appellants were held primarily liable.

In October, 1932, the respondents were the owners of certain land in Star Valley in Lincoln County, Wyoming, on which there was a mortgage in favor of one C. B. Johnson for $3,000. The respondents also were indebted to Johnson on their unsecured note for $500, which note was also given at the time the Wyoming property was purchased from Johnson in 1930. Appellants were real estate brokers who made arrangements with respondents in October, 1932, to sell their Wyoming property, taking a deed with a blank space for the grantee's name and making an agreement with respondents as follows:

"Randolph, Utah.                                                   Oct. 27, 1932.

"It is understood and agreed that, in consideration of sale of certain property in Star Valley, Wyoming, by George Kennedy and wife, that said George Kennedy is relieved from paying 1932 taxes on said property, and is to be returned his notes and mortgage on Star Valley farm and released from liability to Wm. Smith on mortgage on property formerly owned by said George Kennedy, and now owned by Wm. Smith, located at Riverdale, Utah. 1932 Water assessment, if any, not to be paid by George Kennedy.

"(Signed)     Herbert E. Smith
"Walter Griffith"

Respondents introduced, over appellants' objections, parol evidence that the "notes" referred to were the notes for $3,000 and $500 already mentioned, and that appellants were to return such notes to respondents before using the blank deed they had signed. The district court found the agreement to have been as respondents' evidence showed it.

On November 2, 1932, appellants entered into an agreement with Johnson, the payee of the $500 note and of the $3,000 note agreeing that in consideration of Johnson's release of the mortgage for $3,000 they would take up the note which he had pledged as collateral security with the Ogden State Bank. Appellants admit by their answer that this agreement related to the $500 note.

Thereupon the $3,000 note and mortgage were released and appellants also secured the Wm. Smith note and returned it to respondents but have never obtained and returned the $500 note of respondents. On November 28, 1932, the originally blank deed was recorded in Wyoming.

In 1935 Johnson filed suit in the Ogden City Court against appellants on their agreement to pay the $500 note. This suit is still pending. In 1936 Johnson brought suit against respondents on the note and recovered judgment which respondents have paid and which forms the basis of this action over against the appellants.

Although each party charges the others with bad faith, the principal differences between them are admissibility of parol evidence to explain the written agreement of Oct. 27, 1932, and the effects of the agreement by appellants to take up the note and subsequent filing of suit by Johnson against appellants.

The district court's findings accepted the parol evidence as showing the true contract made by the parties on October 27, 1932. Was it error to receive such evidence? The agreement stated that "notes and mortgage on Star Valley Farm" were to be returned. The evidence shows that only one note was secured by the mortgage but that the $500 note arose out of the transfer of the property and represented part of the purchase price. Thus there arose a so-called "latent" ambiguity to resolve which parol evidence is admissible. *Bamberger Company* v. *Certified Productions,* 88 Utah 194, 205, 206, 48 P. 2d 489; *Fox Film Corporation* v. *Ogden Theatre Company,* 82 Utah 279, 283, 17 P. 2d 294, 90 A. L. R. 1299; *Boley* v. *Butterfield,* 57 Utah 262, 194 P. 128; Wigmore on Evidence, (Second Edition) Secs. 2472, 2476; Jones on Evidence, Civil Cases (Fourth Edition) Sec. 472; 102 A. L. R. 287, note; 68 A. L. R. 4, 5, 6, annotation; 10 R. C. L. 1067.

Appellants assert that the action is barred by the four-year statute of limitations applicable to oral contracts. R. S. U.

1933, 104-2-23. The action, however, is based on appellants' failure to pay (return) the note which respondents had to pay, and that promise was in writing. The applicable statute is therefore the six-year limitation, R. S. U. 1933, 104-2-22, and the action is not barred. *Bracklein* v. *Realty Ins. Co.*, 95 Utah 490, 80 P. 2d 471.

Appellants argue that a novation as to the $500 note was effected by their agreements with respondents and Johnson to pay the note. But there was no novation because Johnson, the obligee, did not discharge respondents and accept appellants in their stead, which is an essential element of a novation. *Sutter* v. *Moore Inv. Co.*, 30 Wash. 333, 70 P. 746; *Williams* v. *Otis*, 155 Okl. 173, 8 P. 2d 728; Williston on Contracts, (rev. ed.) Secs. 353, 391, 1869, 1870; Restatement of Contracts, Secs. 424, 428, comment (a) ; 20 R. C. L. 371.

Here was a case where a third party (appellants) agreed to pay the obligation of one party (respondents) to another (Johnson). The resulting relationship was akin to suretyship with appellants as the principal debtor and respondents as a sort of surety because not released by Johnson. In fact it was a simple agreement to pay the debt of another which, when breached, gave rise to a right of action against that other. So far as the relationship between the original debtor and the one who assumed the debt is concerned, the original debtor became surety and the one who assumed, the principal. *Miller* v. *Ziegler*, 3 Utah 17, 22, 5 P. 518; *Union Mutual Life Ins. Co.* v. *Hanford*, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118; *Sully* v. *Childress*, 106 Tenn. 109, 60 S. W. 499, 82 Am. St. Rep. 875; *Industrial Trust Co.* v. *Goldman*, R. I., 193 A. 852, 112 A. L. R. 1313; 21 R. C. L. 955.

Appellants contend that Johnson's filing suit against them was an election known to respondents which prevented maintenance of a valid action against respondents. This would be so only if the remedies were inconsistent or if Johnson were

seeking a double recovery by attempting to get two satisfactions for one cause of action. The judgment and satisfaction which Johnson obtained against respondents would defeat his action previously filed against appellants if brought before the court. But the mere filing of an action is not an irrevocable election where a party is free to pursue alternative and not inconsistent remedies against different parties. *Brooklyn City & N. R. Co.* v. *National Bank*, 102 U. S. 14, 22, 26 L. Ed. 61; *In re United Cigar Stores*, 2 Cir., 68 F. 2d 895; *Schuling* v. *Ervin*, 185 Iowa 1, 169 N. W. 686; *Braude* v. *Wardy*, 340 Ill. 180, 172 N. E. 161, 163; *Bishop* v. *McGillis*, 82 Wis. 120, 51 N. W. 1075; *Fulton* v. *Matthews*, 15 Johns., N. Y., 433, 8 Am. Dec. 261; 21 R. C. L. 1044; 20 C. J. 11, 17-18, 27. An election is made only where the remedies are inconsistent. *Cook* v. *Covey-Ballard Motor Co.*, 69 Utah 161, 170, 171, 253 P. 196; *Salt Lake City* v. *Industrial Commission*, 81 Utah 213, 220, 17 P. 2d 239.

Appellants charge collusion between respondents and Johnson based solely on the facts found in Finding XII. The court found that respondent George Kennedy paid the judgment obtained by Johnson with money furnished, all but $90, by Johnson. True, but Johnson did not loan the money to Kennedy. He loaned it to Kennedy's son and took his note therefor. The son then gave or loaned the money to Kennedy who paid it to Johnson in satisfaction of the judgment. Johnson was free to prefer the note of Kennedy's son to a judgment against Kennedy, and the charge of collusion is not sustained by a showing of such facts.

Other questions raised by appellants seem subsidiary to these and require no special consideration. The judgment of the district court is affirmed.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.