**D. A. TAYLOR COMPANY, Plaintiff and Respondent,**

**v.**

**Laurence PAULSON and Windsor House, Inc., Defendants and Appellants.**

**No. 14402.**

Supreme Court of Utah.

July 27, 1976.

Richard M. Taylor, Spanish Fork, for defendants and appellants.

Pete N. Vlahos, of Vlahos & Knowlton, Ogden, for plaintiff and respondent.

MAUGHAN, Justice:

Plaintiff, a wholesale carpet dealer, initiated this action to recover an indebtedness incurred by defendant, Paulson, for the purchase of carpeting. It was an open account. Defendant, Windsor House, Inc., had executed a promissory note to pay Paulson's indebtedness; so plaintiff joined it in the action seeking to recover under the note. Windsor House, Inc. defaulted and judgment was entered against it. The issues raised by Paulson, hereinafter referred to as defendant, were tried by the court. Judgment against defendant was awarded to plaintiff in the sum of $1,322.-44, plus interest and costs. We affirm, and award costs to plaintiff.

Defendant conducted a furniture business, known as Laurence Paulson Interiors; he purchased carpeting from plaintiff. At the time he placed the subject orders, defendant claims he was acting as an employee of Windsor House, Inc., that he so informed plaintiff. He testified he specifically told plaintiff Windsor House would be paying the bills. Defendant further claims he knew nothing of the promissory note, until this action was commenced. He admits the invoices were addressed to him, at the location where he had conducted his business, and he never informed plaintiff to correct the information set forth on the invoices. Defendant testified he mailed the invoices from Ogden, where the store he managed was located, to his employer, Windsor House, Inc. in Salt Lake City.

Plaintiff denied defendant's testimony and stated he was doing business with

Paulson; that the invoices would have been directed to Windsor House, had he been informed it was the customer. Plaintiff testified he had never heard of Windsor House, until he was attempting to collect the indebtedness, and Paulson informed him that he had made an arrangement with Windsor House to pay the bill. Plaintiff, following defendant's instructions, went to Windsor House, where Mr. Giles, the Company's business manager executed a promissory note for $1,804.58. Thereafter, the company made payments totalling $500.00. Subsequently, efforts to collect the balance failed, and this action was commenced.

On appeal, defendant contends an employee has no liability for the debts of his employer. He then recites the facts in the record, which he asserts sustain his theory, viz., he was merely an employee of Windsor House, and was not responsible for the purchase of the carpeting.

The trial court found plaintiff sold and defendant purchased the merchandise, and was liable for the price. A review of the record reveals substantial, competent evidence to sustain this finding.

It is a final contention that plaintiff's acceptance of the promissory note from Windsor House released his prior indebtedness and constituted a novation.

A creditor's mere acceptance of the obligation of a third person without an agreement or intention to release the original debtor or extinguish the original debt does not amount to a novation.[1]

> . . . the burden of proof as to a novation by the transaction in question rests upon the party who asserts it; that an intention to effect a novation will not be presumed; that, in the absence of evidence indicating a contrary intention, it will be presumed, prima facie, that the new obligation was accepted merely as additional or collateral security, or conditionally, subject to the payment thereof; and that the intention to effect a novation must be clearly shown.[2]

In the instant action, there was no evidence of an agreement, express or implied, to release defendant and extinguish his indebtedness. The promissory note was properly regarded as additional or collateral security for defendant's indebtedness on the open account.

HENRIOD, C. J. and CROCKETT, ELLETT and TUCKETT, JJ., concur.

---

1. *Kennedy v. Griffith*, 98 Utah 183, 95 P.2d 752 (1939); *Davenport v. Dickson*, 211 Kan. 306, 507 P.2d 301 (1973); *Credit Bureaus Adjustment Dept. v. Cox Brothers*, 207 Or. 253, 295 P.2d 1107, 61 A.L.R.2d 750 (1956).

2. 61 A.L.R.2d 755, 766–767, § 2, Anno.: Creditor's acceptance of obligation of third person as constituting novation.