MR. JUSTICE SHEEHY
delivered the Opinion of the Court.
Timothy Cuchine appeals from a summary judgment of the District Court, Fourth Judicial District, Missoula County, in favor of Ford Motor Credit Company.
On October 15, 1980, Timothy Cuchine purchased a pickup from H. O. Bell, Inc. under a retail installment sales contract which was subsequently assigned to Ford Motor Credit Company. Cuchine later began experiencing difficulties with the pickup and returned it to H. O. Bell to be repaired. When it became apparent that the truck could not be adequately repaired, Cuchine left the truck with H. O. Bell and filed a suit against H. O. Bell and the credit company for rescission or revocation of the installment contract due to breach of the implied warranties of merchantability and fitness for a particular purpose. The credit company filed an answer, admitting that it was the assignee under the contract and asserting a counterclaim for the payments due under the contract. Shortly thereafter, the contract was *314 reassigned to H. O. Bell and a motion for summary judgment was filed in the District Court. The District Court granted the credit company’s motion for summary judgment and Cuchine now appeals from the order granting the motion.
The issue presented on appeal is whether the assignment of a retail installment sales contract imposes full contract liability on the assignee of certain rights under the contract.
Cuchine contends that the credit company assumed full contract liability when the assignment was accepted. Cuchine further contends that the credit company could not avoid this liability during the pendency of the action by reassigning the contract to H. O. Bell. Cuchine predicates the credit company’s liability under the contract upon the following language which appears in the contract in bold, capital letters:
“NOTICE — ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.”
This language is consistent with Section 9-318 of the Uniform Commercial Code, adopted in Montana as Section 30-9-318, MCA. That section reads in pertinent part:
“Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in 30-9-206, the rights of an assignee are subject to:
“(a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; . . .
At common law, it is a well established rule that a party to a contract cannot relieve himself of the obligations which the contract imposed upon him merely by assigning *315 the contract to a third person. 6 Am. Jur. 2d Assignments Section 110; 6A C.J.S. Assignments Section 31. Therefore, we must determine whether, under the Uniform Commercial Code, the assignment of the contract to the credit company imposed full contract liability on the credit company as assignee.
The case law as to the effect of Section 9-318 of the U.C.C. on the liabilities of an assignee of contract rights is scant, but conclusive. In Michelin Tires v. First National Bank of Boston (1st Cir. 1981), 666 F.2d 673, the court examined Section 9-318 and determined that:
“The key statutory language is ambiguous. That ‘the rights of an assignee are subject to . . . (a) all the terms of the contract’ connotes only that the assignee’s rights to recover are limited by the obligor’s rights to assert contractual defenses as a set-off, implying that affirmative recovery against the assignee is not intended.” (Citations omitted.) 666 F.2d at 667,
The court also noted that:
“The words ‘subject to,’ used in their ordinary sense, mean ‘subordinate to,’ or ‘limited by.’ There is nothing in the use of the words ‘subject to,’ in their ordinary use, which would even hint at the creation of affirmative rights.” 666 F.2d at 667.
See also Gold Circle v. Riviera Finance-East Bay (N.D. Cal. 1982), 540 F. Supp.15.
Such a conclusion is buttressed by the official comment to Section 9-318. Official Comment 1 provides in pertinent part:
“Subsection (1) makes no substantial change in prior law. An assignee has traditionally been subject to defenses or set-offs existing before an account debtor is notified of the assignment.”
Under prior law, the assignee of a contract was generally not held liable for the assignor’s breach of contract. Thompson v. Lincoln National Life Insurance Co. (1943), 114 Mont. 521, 138 P.2d 951; Apple v. Edwards (1932), 92 *316 Mont. 524, 16 P.2d 700. This rule has been carried into current law as well; where it is not clearly shown that the assignee under a contract expressly or impliedly assumed the assignor’s liability under the contract the assignee is not subject to the contract liability imposed by the contract on the assignor. Massey-Ferguson Credit Corporation v. Brown (1977), 173 Mont. 253, 567 P.2d 440.
We believe that the intent of Section 9-318 of the Uniform Commercial Code and Section 30-9-318, MCA, was to allow an account debtor to assert contractual defenses as a set-oif; the provisions were not intended, generally, to place the assignee of a contract in the position of being held a guarantor of a product in place of the assignor. Therefore, the summary judgment of the District Court is affirmed.
MR. JUSTICES HARRISON, WEBER and GULBRANDSON concur.