FIRST AMERICAN COMMERCE COMPANY, a Utah general partnership; W. Claude Smith; Francis H. Suitter; James R. Dickson, Jr.; Sam D. Battistone; Carla Nan Battistone; Merrill Turnbow; Kurt Larsen; Sandra Lynn Larsen; Glenn A. Powell; and Carol A. Powell, Plaintiffs and Appellants,

v.

WASHINGTON MUTUAL SAVINGS BANK, a Washington corporation, and First Security Realty Services, Inc., a Utah corporation, Defendants and Respondents.

No. 860404.

Supreme Court of Utah.

Sept. 21, 1987.

David R. Olsen, Salt Lake City, for plaintiff and appellant Francis Suitter.

Reed L. Martineau, Stephen J. Hill, Ryan Tibbitts, Salt Lake City, for other plaintiffs and appellants.

Kent H. Murdock, Larry G. Moore, Ira B. Rubinfeld, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

In this interlocutory appeal, First American Commerce (Borrower) seeks relief from a summary judgment entered against it dismissing all but its claim for fraud against First Security Realty Services (Lender).

In evaluating the appropriateness of summary judgment, we do not defer to the decision of the trial court, but rather apply the same standard used by that court. *Durham v. Margetts,* 571 P.2d 1332, 1334 (Utah 1977). We view the facts in the light most favorable to the party opposing the summary judgment and grant summary judgment only if the moving party is entitled to judgment as a matter of law. *Themy v. Seagull Enterprises,* 595 P.2d 526, 528–29 (Utah 1979).

The facts as asserted by Borrower are that Borrower received a loan from Lender,[1] securing repayment with a deed of trust and an assignment of rents on a commercial building owned by Borrower. Under the loan documents, Lender's written approval was required on new leases and a percentage of the loan was withheld in a "hold-back" fund pending the completion of certain tenant improvements. On the day the loan documents were signed, Lender assigned the loan to Washington Mutual Savings Bank (Assignee). The assignment was made with the knowledge and consent of Borrower. Borrower desired to lease space in the building and contacted both Lender and Assignee, neither of which would give written consent. Borrower lost the opportunity to lease the space. Upon completion of the tenant improvements, Borrower made a written request that Lender release the held-back funds. Lender refused to release the funds on the theory that its duty to do so had been delegated to Assignee. Borrower sued Lender and Assignee.

▮ Lender obtained summary judgment on the theory that when it assigned the loan documents to Assignee, it ceased to have any responsibility to Borrower, including the duty to release the held-back funds. Borrower argues that although Lender assigned its right to receive payments, it remained obligated to perform its duties under the loan agreement. In the absence of a novation agreement between Lender and Borrower whereby Assignee's performance would be substituted for that of Lender, Lender remained responsible for its duties under the loan. We believe that Borrower is correct.

A review of basic contract law vocabulary is helpful to a resolution of the issue. An assignment is the transfer of rights; a delegation is the transfer of duties. J. Calamari & J. Perillo, *Contracts* § 18–24 (2d ed. 1977). The term "assignment" is often used imprecisely by courts. We agree with the Second Circuit Court of Appeals that "lawyers seem prone to use the word 'assignment' inartfully, frequently intending to encompass within the term the distinct [concept] of delegation...." *Contemporary Mission, Inc. v. Famous Music Corp.,* 557 F.2d 918, 924 (2d Cir. 1977) (quoting J. Calamari & J. Perillo, *Contracts* § 254 (1970)). *Cf. Pemberton v. Arkansas State Highway Commission,* 268 Ark. 929, 97 S.W.2d 605 (Ark.Ct.App. 1980) (demonstrating an imprecise use of the terminology). Regardless of the terminology they use, courts agree that a party who delegates his duties under a contract to a third person is not relieved of his responsibilities, but rather remains ultimately responsible to the party with whom he contracted for guaranteeing the successful execution of the contractual duties. *See, e.g., Cuchine v. H.O. Bell, Inc.,* 682 P.2d 723, 725 (Mont.1984); *Smith v. Wrehe,* 199 Neb. 753, 760, 261 N.W.2d 620, 625 (1978).

Lender contends that ordinary contract law principles do not apply to bank loans and that the language of the loan documents contemplated a novation rather

---

1. Lender in its brief offers a divergent set of facts. It states that it did not make the commitment to loan Borrower the funds and did not disburse them. Rather, Lender claims that it was minimally involved in the transaction and that it was simply a facilitating agent between Borrower and the actual lender. The documents at issue, however, state that Lender disbursed the funds pursuant to a loan commitment from Lender.

than an assignment. Lender's argument is that while the usual rules of contract law should apply when a party delegates a duty to provide goods or services, a bank that delegates duties under a loan agreement should have no further liability. In support of this contention, Lender cites dicta in cases concerning assignments of mortgages on failed low income housing projects to the Secretary of Housing and Urban Development under a federal guarantee program. *See, e.g., Marcus Garvey Square, Inc. v. Winston Burnett Construction Co. of California,* 595 F.2d 1126 (9th Cir.1979). Those cases, none of which directly treat the issue before us, have no bearing on the case at bar. An examination of the policy underlying the general rule demonstrates the weakness of Lender's position. The usual rule requiring that a delegating party remain liable is designed to protect the expectations of the party receiving the performance. The delegating party should not be able to foist upon the other party to the contract a performer whose skills, goods, reliability, or solvency might differ from those of the delegator. *See Foster v. Cross,* 650 P.2d 406, 410–11 (Alaska 1982). That reasoning applies equally to duties under loan documents. Borrower is entitled to look to Lender's reasonableness and policies respecting the approval of leases and to Lender's solvency to guarantee the release of the remainder of the loan funds.

■ Lender insists that whether a novation occurred is a matter of law, not of fact. Lender asserts that the language of the loan documents clearly describes a novation. We disagree with Lender on both assertions. Whether an agreement is a novation is a matter of intent. The essential element of a novation is the discharge of one of the parties to a contract and the acceptance of a new performer by the other party as a substitute for the first original party. *See Kennedy v. Griffith,* 98 Utah 183, 187, 95 P.2d 752 (1939). A nova-

tion must be intended by the parties to the original contract.

[T]he burden of proof as to a novation by the transaction in question rests upon the party who asserts it; ... an intention to effect a novation will not be presumed; ... in the absence of evidence indicating a contrary intention, it will be presumed, prima facie, that the new obligation was accepted merely as additional or collateral security, or conditionally, subject to the payment thereof; and that the intention to effect a novation must be clearly shown.

*D.A. Taylor Co. v. Paulson,* 552 P.2d 1274, 1275 (Utah 1976) (footnote omitted).

■ Borrower filed an affidavit from one of its general partners stating that Borrower at all times intended to look to Lender for the held-back funds and intended to acknowledge only the assignment of money due in repayment of the loan when it acknowledged the assignment.[2] While it is possible that a document could by its unambiguous terms provide for a novation, the documents in this case do not. Lender argues that the duties under the contract belong to the "Beneficiary," who is defined as "the holder of the note, whether or not named herein," and that by calling Assignee the holder of the note, the contract relieved Lender of its obligations. That interpretation ignores another clause in the loan documents which defines the beneficiary by name as Lender and a provision stating that the agreements bind the parties to the documents *and* their heirs and assigns, not the parties *or* their assigns, as a novation would. Further, if the parties had intended to draft a novation agreement, we think that Lender's counsel would have called the arrangement a novation or at least provided clear language consistent with the intent to substitute Assignee for Lender.

We reverse the grant of summary judgment and remand the matter to the trial

---

**2.** On appeal, Lender attacks the sufficiency of the affidavit, arguing that the intent of the parties is not a fact. We cannot see why intent is not a fact and note that Lender made no objection to the affidavit in the trial court and cannot now raise the issue. *See Fox v. Allstate Ins. Co.,*

22 Utah 2d 383, 453 P.2d 701 (1969) (sufficiency of affidavit under Utah R.Civ.P. 56(e) must be attacked by motion to strike in trial court); *Hobelman Motors, Inc. v. Allred,* 685 P.2d 544, 546 (Utah 1984).

court in order to determine the intent of the parties and the other factual issues.

HALL, C.J., and HOWE, and ZIMMERMAN, JJ., concur.

STEWART, Associate C.J., having disqualified himself, does not participate herein.